140 So. 375

### BARNETT v. BOYD.

6 Div. 990.

Supreme Court of Alabama.

March 10, 1932.

Drennen, Davis & Perrine, of Birmingham, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

GARDNER, J.

The proceedings as to the interpleader appear to conform to our statute (section 10386, Code 1923), and the regularity thereof is not here questioned. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761. The case proceeded as one between plaintiff (who claims under the certificate of March 28, 1928, No. 7449) and the substituted defendant under certificate No. 7723. Plaintiff proved the death of the insured prior to the institution of the suit, while in good standing in the order, and offered in evidence certificate No. 7449, in which she was named as a beneficiary to the extent of 30 per cent. of the full amount of the insurance, and thereby established her prima facie case for recovery. Sov. Camp, W. O. W., v. Burrell, 204 Ala. 210, 85 So. 762.

Defendant relied upon a change of beneficiary by the issuance of a certificate in her favor subsequent to that of plaintiff. It is not pretended the association would have authority to change the beneficiary without the assent of the insured, and in this partic·

ular case requirement was expressly made that such purpose on the part of the insured be evidenced by request in writing upon application blank furnished by the order. And the testimony of the secretary was to the effect that the issuance of the certificate was predicated alone on such written request.

As to the certificate issued, upon which defendant relies, it appears that defendant's aunt visited the office of the association on three occasions before its issuance; on the first, bearing a letter with insured's name, but not his signature, according to the secretary's testimony. On the second, she brought one of the blank forms of the order for application of change of beneficiary not filled out but with insured's name thereto. As it then stood, the application meant nothing, and, on the third occasion, she brought the same application with defendant's name therein as sole beneficiary. It therefore appears that in fact, after signing, the application had been materially altered, and the question arises, Was the application so altered with the consent of the insured? Under such proof, the burden would be upon the defendant·to offer explanation. Section 7717, Code 1923; Whitewater Lbr. Co. v. Langford, 216 Ala. 510, 113 So. 525. See, also, Toomer v. Rutland, 57 Ala. 379, 29 Am. Rep. 722; Green v. Sneed, 101 ·Ala. 205, 13 So. 277, 46 Am. St. Rep. 119; E. E. Yarbrough T. Co. v. Taylor, 198 Ala. 202, 73 So. 458; Montgomery v. Dresher, 90 Neb. 632, 134 N. W. 251, 38 L. R. A. (N. S.) 423.

■■ While the authorities appear to be divided upon the question (45 Corpus Juris, 198), yet this court is committed to the view that the beneficiary in cases of this character cannot attack a change of beneficiary by the insured on the ground of fraud or undue influence, upon the theory that such beneficiary has an interest that is a mere expectancy which cannot become vested until fixed by death of the insured. Summers v. Summers, 218 Ala. 420, 118 So. 912; Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367. But our authorities recognize that, although the beneficiary has only an expectancy, yet it is such a substantial interest as would justify action to prevent a change "without the binding assent of the assured." Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 95, 55 A. L. R. 1231.

The case of Grand Lodge v. Frank, 133 Mich. 232, 94 N. W. 731, recognized the right of such beneficiary to contest a change on the ground of the assured's mental incapacity at the time, which was cited approvingly by this court in the Slaughter Case, supra.

■ Plaintiff sought to show mental incapacity, but the proof went no further than to disclose assured as drinking heavily about the time the application is supposed to have been signed. The proof did not measure up to the requirements of the law in this regard as demonstrated by the holding in Snead v. Scott, 182 Ala. 97, 62 So. 36.

■ We have above stated the holding of our cases that undue influence cannot be shown to annul the change. But the question of assured's request or consent for a change was one for the jury's consideration under the evidence offered by the plaintiff. While the charge given was in form the affirmative charge with hypothesis, yet the language of the court made it in effect a charge directing a verdict. This was error, and, in any event, the evidence sufficed for adverse inferences as to whether or not ·assured had in fact authorized or requested the change in the beneficiary. Under the proof offered that was a jury question, and it was error to give the affirmative charge. Massey v. Pentecost, 206 Ala. 411, 90 So. 866; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11.

For the error indicated, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.