520 So.2d 507 (1987)
Ex Parte: Beverly Nesbitt ANDREWS.
(In re: Beverly Nesbitt ANDREWS v. Marvin Nathaniel ANDREWS, Jr.)
85-1455.
Supreme Court of Alabama.
July 10, 1987.
*508 W. Eugene Rutledge and Kay S. Kelly, Birmingham, for petitioner.
Jesse P. Evans III, of Corretti & Newsom, Birmingham, for respondent.
SHORES, Justice.
We granted the writ of certiorari in this case to address a procedural issue: the effect of a timely filed notice of appeal (governed by Rule 4, A.R.App.P) on a timely post-judgment motion to alter, amend, or vacate a judgment (governed by Rules 52 and 59, A.R.Civ.P.)a material question of first impression in the State of Alabama.
The issue in this case arises from a divorce proceeding in the Circuit Court of Jefferson County. That court entered a final judgment of divorce on December 17, 1985, and on January 10, 1986, it extended the final judgment of divorce to include an income withholding provision.
On January 14, 1986, Beverly Andrews, the plaintiff, filed a notice of appeal to the Court of Civil Appeals. This was followed on January 16, 1986, by a motion of Marvin Andrews, the defendant, to alter, amend, or vacate the final judgment of divorce.
Beverly Andrews filed in the trial court a document on February 4, 1986, styled "Plaintiff's/Appellant's suggestion on the record of lack of jurisdiction," in which she argued that the trial court did not have jurisdiction to rule on the defendant's motion because of the pendency of her appeal before the Alabama Court of Civil Appeals. On February 10, 1986, defendant's motion to alter, amend, or vacate was dismissed by the trial court. On March 21, 1986, Mr. Andrews filed a notice of cross-appeal from the order dismissing his motion to alter, amend, or vacate the final judgment of December 17, 1985. On March 25, 1986, the plaintiff filed a motion with the Court of Civil Appeals to dismiss the defendant's cross-appeal, contending that the time for filing a cross-appeal had expired.
The Court of Civil Appeals, 520 So.2d 505 (1986), dismissed the plaintiff's appeal as premature and ruled that the trial court improperly dismissed the defendant's post-trial motion that was timely filed, but filed after the plaintiff's notice of appeal from the December 17, 1985, final judgment. We agree with the Court of Civil Appeals' construction of Rule 4, A.R.App. P., vis-a-vis Rule 59(e), A.R.Civ.P.
In the case at bar, both the notice of appeal and the postjudgment motion to alter, amend, or vacate were timely under the rules. According to Rule 59(e), A.R. Civ.P., motions to alter, amend, or vacate the judgment must be filed within 30 days of the entry of judgment by the trial court. A notice of appeal must be filed within 42 days of the entry of the judgment or order appealed from. Rule 4(a)(1), A.R.App.P.
The Court of Civil Appeals is correct in its observation that the rules, both the Rules of Civil Procedure and the Rules of *509 Appellate Procedure, fail to address specifically the effect of the filing of a timely post-trial motion upon the right to file an appeal, or vice versa. The rules do say, however, that the filing of a motion pursuant to Rules 50, 52, 55, or 59, A.R.Civ.P., shall suspend the running of the time for filing a notice of appeal:
"The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal. In cases where postjudgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1. Any error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52(b) or Rule 59 of the ARCP."
Rule 4(a)(3), A.R.App.P.
The construction adopted by the Court of Civil Appeals comports with reason and justice and follows the spirit of Rule 1, A.R.Civ.P., and Rule 1, A.R.App.P. It is also consistent with the Federal Rules of Appellate Procedure, after which the Alabama Rules of Appellate Procedure were modeled. Until 1979, the Federal rules, like the Alabama rules, were also silent as to the effect of the filing of a post-judgment motion upon the right to appeal. Federal Rule 4(a) stated that the timely filing of a post-trial motion "terminated, as to all parties" the running of the time within which an appeal could be taken. The Alabama rule quoted above provides that the filing of a post-judgment motion suspends the running of the time for filing a notice of appeal. The federal rules were amended in 1979 to add the following language of Rule 4(a)(4), F.R.App.P.:
"If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party [pursuant to Rule 50(b), 52(b), or Rule] 59 to alter or amend the judgment ... or ... for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing." (Emphasis added.)[1]
An appeal filed within 42 days of the judgment is timely. Rule 4(a)(1), A.R.App.P. However, a post-judgment motion to alter, *510 amend, or vacate is also timely if filed within 30 days of the entry of judgment. If both are timely filed, the time for properly taking an appeal is suspended until the motion is formally ruled on or denied by operation of law. The notice of appeal must then be refiled within 42 days of the order or the denial by operation of law. By this construction, a party's right to appeal is not taken away; it is simply delayed so that the other party's right to file a post-judgment motion and get a ruling thereon is preserved.
We hold that a notice of appeal filed within 30 days of judgment does not divest the trial court of jurisdiction to receive post-judgment motions to alter, amend, or vacate that are timely filed within 30 days of the judgment and to rule thereon within 90 days of the filing of the motion as permitted under Rule 59.1, A.R.Civ.P. A notice of appeal may be filed by the dissatisfied party within 42 days after the trial court rules on the motion or it is denied by operation of law.
It is true, as the petitioner argues, that the holding of Walker v. Alabama Public Service Comm'n, 292 Ala. 548, 297 So.2d 370 (1974), and of the cases therein cited, is to the contrary. For subsequent cases containing language to like effect, see MCI Telecommunication, Inc. v. Alabama Public Service Comm'n, 485 So.2d 700 (Ala.1986); Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984). To the extent that Walker, Foster, and MCI hold that the filing of a notice of appeal ousts the trial court of jurisdiction to consider a timely-filed post-judgment motion, those cases are expressly overruled. A notice of appeal does not oust the trial court of its jurisdiction to consider a timely-filed post-judgment motion, and this is the rule without regard to the sequence in which the notice of appeal and the post-trial motion are filed. See Owens v. Coleman, 520 So.2d 514 (Ala.1987) (post-trial motion filed before the notice of appeal). It is clear from the comment to the 1979 amendment to Rule 4(a)(4), F.R.App.P. (set out in footnote 1) that the purpose of the amendment was to remove an ambiguity in the preexisting language of the rule; thus, we overrule prior case law to the contrary and will forthwith request the Alabama Supreme Court Standing Committee on Alabama Rules of Appellate Procedure to draft an amendment to Rule 4(a), A.R.App.P., in accordance with this opinion.
We agree with the Court of Civil Appeals in the case at bar that the trial court had jurisdiction to rule on the defendant's motion to alter, amend, or vacate the judgment, and that the defendant's cross-appeal was timely filed on March 21, 1986, within 42 days of the trial court's order dismissing his motion for want of jurisdiction. Rule 4(a)(3), A.R.App.P.
We affirm the Court of Civil Appeals' holding that the timely filing of a post-judgment motion authorizes the trial court to rule on the motion and that a notice of appeal filed before disposition of the post-judgment motion has no effect. However, we acknowledge that equity compels a review of the trial court's order of January 10, 1986, in this case. At the time Mrs. Andrews filed her notice of appeal from this order, there was no rule or decision that clearly foreclosed review. It would be inequitable to deny her a hearing on the merits of her appeal, notwithstanding our holding herein.
Therefore, the cause is affirmed in part, reversed in part, and remanded to the Court of Civil Appeals for its consideration of Mrs. Andrews's appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.
BEATTY, J., concurs specially.
BEATTY, Justice (concurring specially):
To the extent the majority's opinion is predicated on this Court's adoption of the 1979 amendment to Rule 4(a)(4), F.R. App.P., to be applied prospectively, I concur. It is quite clear to me, however, that the result called for by the language of that amendment cannot be reached by an interpretation or construction of the Alabama Rules of Appellate Procedure *511 ("Rules") as they are presently written. Insofar as Walker v. Alabama Public Service Comm'n, 292 Ala. 548, 297 So.2d 370 (1974); MCI Telecommunication, Inc. v. Alabama Public Service Comm'n, 485 So. 2d 700 (Ala.1986); and Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984), apply widely recognized principles of jurisdiction that are embodied in our Rules, they are sound decisions and are required to be overruled only because we now adopt, in effect, a new rule that affects common notions of jurisdiction.
With respect to the proper interpretation of our Rules, as they are currently written, it is clear that the drafters of the Rules intended the filing of a notice of appeal to have the very effect it was held to have in Walker, i.e., it is jurisdictional. In the "Preface" to the Rules, it is stated: "The timely filing of a notice of appeal with the trial clerk is the only jurisdictional act required in the entire appellate process." (Emphasis added.)
Rule 2(a)(1), A.R.App.P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." (Emphasis added.)
Rule 3(a)(1), A.R.App.P., provides in part:
"In civil cases an appeal permitted by law as of right, or a review by certiorari in a workmen's compensation case, shall be taken to an appellate court by filing a notice of appeal with the clerk of the trial court, within the time allowed by Rule 4. ..."
The comment to Rule 3 explains the significance of the filing of a notice of appeal:
"Timely filing of the notice of appeal is a jurisdictional act. It is the only step in the appellate process which is jurisdictional. Rule 4(a) sets forth the relevant time periods for timely filing notice of appeal in civil appeals. Rule 4(b) sets forth the relevant time period for filing timely notice of appeal in criminal appeals." (Emphasis added.)
Before the 1979 amendment to Rule 4, F.R.App.P., it had been the general rule in federal courts that, when a notice of appeal had been filed prior to the assertion of a posttrial motion under Rule 59, F.R.Civ.P., jurisdiction of the action had already passed to the court of appeals and the district court could not consider the motion unless the court of appeals remanded the case to it for that purpose. See generally, 6A Moore's Federal Practice § 59.09[5] (1986) (hereinafter cited as "___ Moore's § ___") and those cases cited therein; 9 Moore's § 203.11 and § 204.12[1] and those cases cited therein; Wright & Miller, Federal Practice & Procedure Civil § 2821 (1973).
The effect of the 1979 amendment to Rule 4(a)(4), F.R.App.P., is very well explained in the following passage:
"The general rule has been that once an appeal is taken, the district court loses jurisdiction over the suit. The district court always had power under some of the rules to issue orders in aid of, or that did not interfere with, the appellate court's jurisdiction. Thus under Appellate Rule 4(a) the district court has the power to extend the time for taking an appeal to the court of appeals by 30 days, upon a showing of excusable neglect; and Rule 62 recognizes the long established right of the trial court to make appropriate stay orders to preserve the status quo, under certain prescribed conditions, after an appeal has been taken. And under Rule 60(a), during the pendency of an appeal, clerical mistakes may be corrected by the district court `before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.' But in 1979, Rule 4(a)(4) of the Federal Rules of Appellate Procedure was amended to provide that if a timely motion under Rule 50(b), 52(b) or 59 is filed, a notice of appeal filed before the disposition of such motion shall have no effect and a new notice of appeal must be filed within the appeal time measured from the entry of the order disposing of the motion. Prior to 1979, ... when the notice of appeal was filed [before a post-trial motion had been made], jurisdiction of the action passed to the court of appeals and the district court could not consider the motion unless the court of appeals remanded the case to it for that purpose." *512 6A Moore's § 59.09[5]. (Footnotes omitted.)
The state of the law in Alabama, prior to this Court's decisions in the present case and in Owens v. Coleman, 520 So.2d 514 (Ala.1987), at least with respect to the effect the filing of a notice of appeal had upon a trial court's power to receive and consider a subsequent post-trial motion, was the same as that which existed in the federal law prior to 1979. The filing of a timely notice of appeal effectively removed a case from the trial court's jurisdiction. See Walker, supra (a case cannot be pending in a lower court and in an appellate court at the same time); McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62 (1913) ("the effect of [an] appeal [is] to cause the trial court to lose all jurisdiction and control of the case pending the appeal"); and Rules 3 and 4, A.R.App.P.
Admittedly, on facts such as those in this case, our present Rules facilitate a "race to file" either a notice of appeal or a post-judgment motion. And, although the substance of the federal amendment is not free from difficulties, I think that solution is preferable in that it preserves a party's right to pursue post-judgment relief at the trial level, albeit perhaps at the opposing party's inconvenience of having to file a second notice of appeal.
NOTES
[1] The following comment accompanied the recommended 1979 rewrite of that federal rule:

"Note to Subdivision (a)(4). The proposed amendment would make it clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion. Since the proposed amendments to Rules 3, 10, and 12 contemplate that immediately upon the filing of the notice of appeal the fees will be paid and the case docketed in the court of appeals, and the steps toward its disposition set in motion, it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from. See, e.g., Keith v. Newcourt [Inc.,], 530 F.2d 826 (8th Cir.1976). Under the present rule, since docketing may not take place until the record is transmitted, premature filing is much less likely to involve wasted effort. See, e.g., Stokes v. Peyton's Inc., 508 F.2d 1287 (5th Cir.1975). Further, since a notice of appeal filed before the disposition of a post trial motion, even if it were treated as valid for purposes of jurisdiction, would not embrace objections to the denial of the motion, it is obviously preferable to postpone the notice of appeal until after the motion is disposed of.
"The present rule, since it provides for the `termination' of the `running' of the appeal time, is ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the 10 day limit. The amendment would make it clear that in such circumstances the appellant should not proceed with the appeal during pendency of the motion but would file a new notice of appeal after the motion is disposed of."