This is an appeal from an order of the trial court declaring that the purported last will and testament of Jimmie Lee Coleman, as well as beneficiary designations made by him on a credit union account and life insurance policy, were void due to undue influence and mental incompetence.
In February 1977, Jimmie Lee Coleman was diagnosed as having a brain tumor. Before his death in November of that same year, he undertook several actions bearing on the disposition of his estate. On May 3, 1977, Mr. Coleman designated Dorothy Coleman, his daughter, as beneficiary of the proceeds from his credit union account with Docks and Terminal Credit Union, and on May 22, 1977, he signed a beneficiary card directing proceeds of his Aetna life insurance policy to her also. On August 8, 1977, however, Mr. Coleman signed another change of beneficiary card directing the Aetna policy proceeds to Carrie Owens, his twin sister. On September 20, 1977, he also designated Carrie Owens as beneficiary of the credit union proceeds and redesignated her as beneficiary of the Aetna insurance proceeds. On September 22, Mr. Coleman executed a will leaving his property to Carrie Owens. Finally, on October 27, 1977, Mr. Coleman turned full circle and signed a beneficiary card directing the proceeds of the Aetna policy to his ten children.
Mr. Coleman died on November 14, 1977. His sister, Carrie Owens, offered his will for probate two days later. The deceased's ten children and former wife filed a will contest, which was removed to the Circuit Court of Mobile County. On a joint motion, the will contest was consolidated with an action filed by Carrie Owens seeking payment of proceeds of the Aetna life insurance policy and the Docks and Terminal Credit Union account. Aetna Life and Casualty Insurance Company and Docks and Terminal Credit Union each filed a bill of interpleader, paying into court the sums of $10,000 and $2,816.37, respectively.
The consolidated cases were tried without a jury, and on March 5, 1986, the court entered an order declaring the purported last will and testament of Jimmie Lee Coleman and the beneficiary designations of May 3 and 22, August 8, September 20, and October 27, 1977, void as a result of undue influence. The court ordered payment of all interpleaded funds to the children of the deceased. *Page 516 
On April 4, 1986, within 30 days of the entry of the trial court's order, the defendants, children of the deceased, filed a motion as provided for by Rule 59(e), A.R.Civ.P., to amend the order of March 5 to conform to the evidence that the will and beneficiary designations were void because of mental incompetence. The plaintiff filed a notice of appeal on April 11, 1986. The children's motion was granted on April 17, 1986. No appeal was taken from this order.
The court's original order contains an incorrect statement of law. A beneficiary cannot attack a change of beneficiary designation on the ground of undue influence alone, because he has an interest which is a mere expectancy, which cannot become vested until the death of the insured. Barnett v. Boyd,224 Ala. 309, 140 So. 375 (1932). However, the court's amended order declares that the will and beneficiary designations are void as the result of mental incompetence. Upon a showing that Coleman was mentally incompetent with "no reasonable perception or understanding of the nature and terms of the contract," the beneficiary designations and will can properly be declared void by the trial court. Williamson v. Matthews, 379 So.2d 1245,1247 (Ala. 1980). Thus, the amended order in the case at bar served to correct the error in the first order.
The plaintiff contends that the trial court lost jurisdiction over this cause when she filed a timely notice of appeal; therefore, the trial court's amended order, she argues, because it was entered after her notice of appeal was filed, is void. Since the first order is the only judgment before this court to review, she contends, the cause is due to be reversed because the unamended order is erroneous as a matter of law.
The appellant here sought to appeal a judgment while a motion to amend that judgment was pending before the trial court. Under Rule 59(e), A.R.Civ.P., motions to amend the judgment may be filed within 30 days of the entry of judgment by the trial court. Once a post-judgment motion is filed under Rule 59, A.R.Civ.P., the trial judge has 90 days in which to rule, and if he does not, the motion is deemed denied. Rule 59.1, A.R.Civ.P. All appeals must await the disposition of the motion, by formal order or the passage of time, or be dismissed as premature. Accordingly, we hold that Carrie Owens's appeal of the court's original order is due to be dismissed.[1]
Where a post-judgment motion has not been disposed of when the notice of appeal is filed, as in the case at bar, the notice of appeal is of no effect and it must be refiled within 42 days of the disposition of the post-judgment motion either by order or by operation of law under Rule 59.1, A.R.Civ.P.
Nevertheless, consistent with this Court's holding of prospective application in Andrews v. Andrews, 520 So.2d 507
(Ala. 1987), we will not dismiss the appeal, but will determine the issue presented on the merits. Because our review is not restricted to the unamended judgment, and because we find no error in the judgment as amended, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, ADAMS, HOUSTON, and STEAGALL, JJ., concur.
BEATTY, J., concurs specially.
[1] The procedure adopted by this Court in Foster v. Greer Sons,Inc., 446 So.2d 605 (Ala. 1994), is not applicable to this situation because the judgment in that case lacked finality (C. Wright A. Miller, Federal Practice and Procedure: Civil § 2821 (1973)), and for that reason would not support an appeal. However, rather than dismiss the appeal, this Court elected to remand to allow the trial court to enter a final judgment. We agree, however, that Foster contains language contrary to our holding in this case. To like effect, see Walker v. AlabamaPublic Service Comm'n, 292 Ala. 548, 297 So.2d 370 (1974), andMCI Telecommunication, Inc. v. Alabama Public Service Comm'n,485 So.2d 700 (Ala. 1986). See, however, the opinion in Andrewsv. Andrews, 520 So.2d 507 (Ala. 1987), released simultaneously with this opinion, wherein this Court expressly overrules MCI,Foster, and Walker, to the extent that those cases conflict with Andrews and the instant opinion. *Page 517