MADDOX, Justice
(dissenting).
This is a domestic relations case dismissed by the Court of Civil Appeals on the ground that the wife failed to renew her notice of appeal. A majority of this Court agrees with the Court of Civil Appeals that Owens v. Coleman, 520 So.2d 514 (Ala.1987), controls and mandates dismissal. I must disagree. I would grant the petition for the writ of certiorari to review the judgment of the Court of Civil Appeals.
The whole dispute arose over arrearages in alimony payments and the other provisions of a judgment entered by the trial court after hearing a motion to modify custody, visitation, and alimony. The trial court specifically ordered the parties to submit evidence relating to the claimed ar-rearages within 10 days of the judgment (i.e., February 25, 1991.) The wife filed a notice of appeal on April 8, 1991. On that same date, the husband filed a “motion to reconsider” the trial court’s judgment. The petition here asserts that the husband filed his motion after the wife had filed her notice of appeal. The trial court granted the husband’s motion on the same day that the wife filed her notice of appeal. The Court of Civil Appeals dismissed the wife’s appeal for failure to timely renew her notice of appeal, citing Owens v. Coleman. 602 So.2d 405.
Officially, there is no such motion as a “motion to reconsider” under the Alabama Rules of Civil Procedure. See, Dowling v. Purvis, 477 So.2d 400 (Ala.1985). Of course, the style of the motion is not as important as the question: What exactly is the “motion to reconsider” here? A secondary question is: Was the motion timely filed? The motion reads as follows:
“MOTION TO RECONSIDER ORDER
“On April 1, 1991, the Court entered an Order for Defendant to pay $1,500.00 in arrearages based on Plaintiff’s statement. Plaintiff’s statement was in error for the month of August. The amount paid for the month of August by Defendant was $500.00 not $200.00. Plaintiff had the amount paid and difference amount transposed. This is confirmed by the fact that Plaintiff filed her Petition in October showing $550.00 in arrears. Further a copy of Defendant’s canceled check is attached as Exhibit 1 hereto.
“WHEREFORE, Defendant respectfully requests a downward adjustment of $300.00 in the total arrearages to make the total arrearage for alimony $1,200.00.
“Dated this the 8th day of April, 1991.”
The petitioner argues that the “motion to reconsider” here is either a motion for relief from judgment due to a clerical mistake, under Rule 60(a), Ala.R.Civ.P., or a motion for relief from judgment due to mistake and inadvertence, under Rule 60(b), Ala.R.Civ.P. Based on the wording of the motion, this argument seems extremely logical. The motion specifically states that the wife mistakenly reported that the husband paid her $200.00 in August, rather than $500.00, and then asks the court to make the $300.00 adjustment, which the court did.
If the motion to reconsider is either a Rule 60(a) or 60(b) motion it would have been timely filed, but it also would not affect this appeal because it would not have affected the finality of the judgment. See, Rule 60(a), Ala.R.Civ.P. (“During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court”); and Rule 60(b), Ala.R.Civ.P. (“A motion under this subdivision does not affect the finality of a judgment or suspend its operation”).
Additionally, I read Owens as applying only to post-judgment motions such as a motion for new trial or a motion to alter, amend, or vacate the judgment. If the “motion to reconsider” here is either a motion for a new trial or a motion to alter, amend, or vacate the judgment, then it was untimely filed by the husband, because it *407 was filed 42 days after the judgment was entered. See, Rule 59(b), Ala.R.Civ.P. (giving a party 30 days after judgment to file the motion for new trial); and Rule 59(e), Ala.R.Civ.P. (giving a party 30 days after judgment to file a motion to alter, amend, or vacate).
Additionally, Owens states .that “Where a post-judgment motion has not been disposed of when the notice of appeal is filed, the notice of appeal is of no effect and it must be refiled.” Owens, 520 So.2d at 516. Logically, the rule in Owens presumes that the post-judgment motion is filed before the notice of appeal. Here, the petition asserts that the notice of appeal was filed before the “motion to reconsider” was filed; thus, the motion could not have been “disposed of when the notice of appeal was filed.” In short, the notice of appeal came first; therefore, the motion did not exist at the time the notice was filed. I read Owens as applying only when the post-judgment motion is pending (and has not been acted on) when the notice of appeal is filed.
I think the petitioner validly asserts that the “motion to reconsider” either was untimely filed or did not affect her appeal, and that the Court of Civil Appeals incorrectly dismissed her appeal. I would grant the petition for the writ of certiorari here.