YATES, Judge.
This is an attempted appeal in a post-divorce case.
In June 1988, Michael Thomas Scunziano (father) and Kimberly Kaiser Scunziano (mother) were granted a divorce in Georgia. Subsequently, the parties filed various motions in the Alabama circuit court system concerning provisions of the Georgia divorce, the most recent of which culminated in the attempted appeal at issue here.
In October 1991, the trial court entered an order which, among other things, held the father in contempt for failure to comply with the original divorce judgment. The trial court stated, however, that the father could purge himself of contempt by paying certain expenses to the mother such as child support arrearage and medical bills.
Our review of the record reveals that the October 1991 order decided all issues then before the trial court. Subsequent filings by the parties and orders by the trial court reflect a new and constant case number indicating one action involving various petitions and counter-petitions. The father’s notices of appeal also reflect this new case number.
*65 On November 27, 1991, the mother filed a motion for contempt, claiming that the father had not complied with the terms of the order entered in October 1991. On this same day, the father also filed various motions; among them, a motion to temporarily modify his child support obligation. Also on November 27, 1991, the trial court entered an order finding that the father had failed to purge himself of contempt as authorized by the order of October 1991, and instructing the sheriff of Mobile County to take the father into custody until he paid a $5,000 cash bond.
On December 11, 1991, the father filed a motion to alter, amend, or vacate the order of November 27, 1991, according to Rule 59(e), Alabama Rules of Civil Procedure. On January 3, 1992, the father filed a motion to hold the mother in contempt for alleged violations of the father’s visitation rights. Also on this date, the trial court conducted a hearing, in which both parties testified.
On March 27, 1992, the trial court entered an order which stated that “[t]his cause [came] to be heard this day on [the mother’s] motion for contempt, and [the father’s] motion to alter, amend or vacate [the November 27, 1991,] order....” The order further stated that the father again was in contempt for failing to comply with the terms of the original divorce, but granted the father sixty days within which to purge himself by complying with the present order. The order then itemized certain expenses and amounts which were attributable to each of the parties, and also re-affirmed the mother’s custody of the parties’ minor child, with the father having expanded visitation rights for 1992. The trial court also assessed an attorney’s fee against the father and declared that the mother could request a further finding of contempt against him by filing a letter of non-compliance as to this order.
On March 31,1992, the father-filed a notice of appeal to this court, stating that he was appealing the order of March 27, 1992. On April 7, 1992, the father filed an amended notice of appeal, stating that he was appealing from the denial of his December 11,1991, motion to alter, amend, or vacate, and from the order of March 27, 1992. According to the father’s amended notice of appeal, his motion to alter was denied by operation of law on March 17, 1992.
On October 27, 1992, this court made the following ruling:
“It appears to this court that the March 27, 1992 order does not rule on [the father's] (a) motion for contempt and (b) petition for modification. Trial court reinvested with jurisdiction to rule within 28 days on whether to make the March 27 order a rule 54(b) order which will support' an appeal.”
At this point, we reiterate the necessity, for appeal purposes, of a trial court’s entering a judgment pursuant to Rule 54(b), Alabama Rules of Civil Procedure, absent a final adjudication of all issues as to all parties. Our supreme court, in Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984), overruled on other grounds, Ex parte Andrews, 520 So.2d 507 (Ala.1987), stated the following:
“The adoption of our rules of civil procedure, which provide for the liberal joinder of claims and parties, created the need for a vehicle to allow an appeal from an order which does not adjudicate the entire ease but as to which there is no just reason for delay in the attachment of finality. Rule 54(b) is that vehicle. It allows the court to enter a final judgment immediately if, under the circumstances, to wait until the entire case is decided would create injustice.”
Id. at 609. (Citation omitted.)
Otherwise, no appeal may be taken. McKiever v. King & Hatch, Inc., 366 So.2d 264 (Ala.1978).
On November 24, 1992, the Circuit Court of Mobile .County issued an order which stated that, due to the unavailability of the since-retired trial judge, “the Court has no alternative but to deny both Motions, and it is ORDERED by the- Court that the Motion for Contempt and the Petition for Modification are hereby DENIED.”
From the order of November 24, 1992, no appeal has been taken. Consequently, this case is due to be dismissed.
*66 The law in Alabama is well settled that an order must be a final judgment before it can support an appeal. Ala.Code 1975, § 12-22-2; Hardy v. State ex rel. Chambers, 541 So.2d 566 (Ala.Civ.App.1989). “A ‘final judgment’ is a terminal decision which demonstrates there has been complete adjudication of all matters in controversy between the litigants.” Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986).
It is clear from the record in this case that there was no “final judgment” until the entry of the order of November 24, 1992, in which the father’s motion for contempt and petition for modification were denied. It is from this date that the time for appeal began to run. Cf. Ex parte Andrews, 520 So.2d 507 (Ala.1987); Owens v. Coleman, 520 So.2d 514 (Ala.1987) (both stating that notice of appeal must be refiled within 42 days after disposition of pending post-judgment motion). Since no subsequent notice of appeal was filed within the 42-day period mandated by Rule 4(a)(1), Alabama Rules of Appellate Procedure, we hold that the jurisdiction of this court has not been invoked and, therefore, we dismiss this case in its entirety. Rule 2(a)(1), AR.App.P.
Although this court is unsure from a review of the record whether or not the father received notice of the November 24, 1992, order, we are mindful nonetheless of the strictures of Rule 77(d), Alabama Rules of Civil Procedure. This rule states, in pertinent part, the following:
“Lack of notice of the entry [of an order or judgment] ... does not affect the time to appeal or relieve or . authorize the court to reheve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time now provided for appeals in civil actions.”
Rule 77(d), AR.Civ.P.
Here, both the 42-day period of Rule 4(a)(1), A.R.App.P., and the possible 30-day extended period of Rule 77(d), A.R.Civ.P., have expired, with no notice of appeal having been refiled by the father. Notwithstanding the comments made by our supreme court in Boat Shack II, Inc., v. ITT Commercial Finance Corp., 584 So.2d 1354, 1360 (Ala.1991), and O.K. Bonding Co. v. Milton, 579 So.2d 602, 604 n. 4 (Ala.1991), we follow the supreme court’s mandate in both Andrews and Owens, requiring the refiling of the notice of appeal. Accordingly, this court is without jurisdiction in the present case and, therefore, the father’s appeal is due to be dismissed. Rule 2(a)(1), A.R.App.P.
The mother’s request for an attorney’s fee on appeal is denied.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, J., concur.