John P. Estelle ("John") died on January 3, 2004. At the time of John's death, several insurance policies ("the insurance policies") issued to John by Mutual Savings Life Insurance Company ("MSLI") were in effect. On January 26, 2004, MSLI filed in the trial court a complaint for interpleader and paid into the court the proceeds of the insurance policies, which amounted to $7,003.36.
In its complaint, MSLI alleged that Ruthie Lee Cunningham was listed as the named beneficiary on the insurance policies. However, MSLI alleged that Kimberly Estelle, who is John's daughter, had asserted a claim to the proceeds of the insurance policies by alleging that Cunningham had committed fraud upon or had exercised undue influence on John to make him alter the designations of the beneficiary of those policies. Estelle filed an answer to MSLI's complaint alleging that John had changed the designations of the beneficiary of his insurance policies because of fraud or undue influence. In her answer, Estelle also asserted a cross-claim against Cunningham, seeking $250,000 as damages for mental anguish. Cunningham filed an answer in which she, among other things, denied the allegations of fraud and undue influence.
MSLI moved to be dismissed as a party. On July 1, 2004, the trial court determined, among other things, that MSLI had no further liability to Estelle or Cunningham; that order effectively dismissed MSLI as a party to the action.
Cunningham filed a motion for a summary judgment with regard to the fraud and undue-influence claims. Estelle opposed that motion. As proof of her claim of undue influence, Estelle asserted that Cunningham, who had been John's landlord and had helped John manage his money, was the dominant party in the close relationship between Cunningham and John. On October 12, 2005, the trial court entered an order in which it concluded that Cunningham was the lawful beneficiary of the insurance policies and that she was entitled to a judgment as a matter of law. The trial court indicated that its October 12, 2005, order was intended to be a final judgment. We conclude that in entering that order the trial court implicitly denied Estelle's claim seeking mental-anguish damages, and, therefore, that the order constitutes a final judgment. Estelle filed a postjudgment motion that the trial court denied. Estelle timely appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975. *Page 1084 
A motion for a summary judgment is properly granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; and Bussey v. John Deere Co., 531 So.2d 860
(Ala. 1988). "[A]n appellate court can affirm a summary judgment on any valid argument, regardless of whether the argument was presented to, considered by, or even rejected by the trial court." Ex parte Ryals, 773 So.2d 1011, 1013
(Ala. 2000) (citing Ex parte Wiginton, 743 So.2d 1071
(Ala. 1999), and Smith v. Equifax Servs., Inc.,537 So.2d 463 (Ala. 1988)).
On appeal, Estelle contends that the record contains evidence to support her claim that Cunningham exerted undue influence over John, thereby persuading him to change the designations of the beneficiary on his insurance policies. However, we do not reach that argument.
In Alabama, "[a] beneficiary cannot attack a change of beneficiary designation on the ground of undue influence . . . because [s]he has an interest which is a mere expectancy, which cannot become vested until the death of the insured." Owensv. Coleman, 520 So.2d 514, 516 (Ala. 1987).[1] "Under the uniform decisions of this court, the right to change the beneficiary being reserved, the beneficiary ha[s] no vested right, but only an expectancy . . ., [T]he right to change being reserved does not give the first beneficiary any right to claim the proceeds of the policy." Taylor v. Southern Bank Trust Co., 227 Ala. 565, 568, 151 So. 357, 360
(1933). See also Barnett v. Boyd, 224 Ala. 309, 312,140 So. 375, 377 (1932) ("[T]he beneficiary . . . cannot attack a change of beneficiary by the insured on the ground of fraud or undue influence, . . . [because] such beneficiary has an interest that is a mere expectancy which cannot become vested until fixed by death of the insured.").
The arguments asserted by Estelle indicate that she sought to have the change of the designations of the beneficiary of John's insurance policies voided on the bases of undue influence and, arguably, fraud. However, Estelle's interest as the original beneficiary of the insurance policies was a mere expectancy. Based on Alabama caselaw precedent, [2] the mere expectancy created by being the original beneficiary of an insurance policy is not a sufficient interest to create a right by which Estelle could attack the changes in the designations of the beneficiary of John's insurance policies. Owens v.Coleman, supra; Mudd v. Lanier, 247 Ala. 363,375, 24 So.2d 550, 561 (1946); Taylor v. Southern Bank Trust Co., supra; and Barnett v. Boyd, supra. Therefore, Estelle lacked a sufficient interest to support the claims she asserted, and the trial court's summary judgment in favor of Cunningham on those claims is due to be affirmed. See Ex parte Ryals, supra, and Ex parteWiginton, supra.
AFFIRMED.
PITTMAN and BRYAN, JJ., concur.
MURDOCK, J., concurs specially, with writing, which CRAWLEY, P.J., joins.
[1] In Owens v. Coleman, supra, the trial court's amended order declared a will and certain beneficiary designations void because, the court determined, the decedent was mentally incompetent at the time he executed those documents; our supreme court affirmed. In that case, however, the undue-influence claim was not the sole basis for the trial court's judgment.
[2] Although we are persuaded by the reasoning in Judge Murdock's special concurrence to this opinion, we are constrained to follow the precedent established by our supreme court. § 12-3-16, Ala. Code 1975; and Farmers Ins. Exch.v. Raine, 905 So.2d 832, 835 (Ala.Civ.App. 2004) ("Although the supreme court might choose to revisit this issue, this court is bound by precedent."). *Page 1085