I concur in the opinion of this court. I write specially, however, to encourage a reexamination by our Supreme Court of those cases, including Owens v. Coleman,520 So.2d 514, 516 (Ala. 1987), and Barnett v. Boyd,224 Ala. 309, 140 So. 375 (1932), which hold that "[a] beneficiary cannot attack a change of beneficiary designation on the ground of undue influence alone, because he has an interest which is a mere expectancy, which cannot become vested until the death of the insured." Owens, 520 So.2d at 516.
A majority of the states that have considered the issue have allowed a prior-designated beneficiary to challenge a change of beneficiary allegedly procured by undue influence. See Cobbv. Justice, 954 S.W.2d 162, 167 n. 2 (Tex.App. 1997) (Texas and 14 other states allow such actions; 6 states, including Alabama, have held that the prior-designated beneficiary cannot bring such an action; 8 states have decided cases involving this issue without deciding whether the prior-designated beneficiary can bring such an action); and 4 Lee R. Russ 
Thomas F. Segalla, Couch on Insurance § 60:72 (3d ed. 1996). In my view, the majority rule is preferable for many reasons.
First and foremost, the majority rule would appear to be necessary if our law is to protect against abuses of confidential relationships and against abuses by those who would take advantage of insurance-policy owners who are easily manipulated. Undue influence is considered to be a species of fraud that results in an act that "is — like a forgery — not the act of the policy owner." Fortis BenefitsIns. Co. v. Pinkley, 926 So.2d 981, 988 (Ala. 2005). It appears that if the prior-designated beneficiary cannot challenge the alleged undue influence, there may be no one who can challenge it. See Slaughter v. Grand Lodge,192 Ala. 301, 306, 68 So. 367, 369 (1915) (estate of the decedent has no interest in a contest between competing beneficiaries of a life insurance policy).
I also note that Alabama's rule prohibiting challenges to a change of beneficiary on the ground of undue influence lacks a solid doctrinal basis. The rule is based on the fact that a beneficiary of an insurance policy does not have a vested interest in the proceeds of the policy until the death of the insured. However, the cases announcing the rule do not adequately explain why a change of beneficiary of an insurance policy is treated differently in this regard than changes to beneficiaries in wills and inter vivos gifts, which also create mere expectancies. See, e.g., Nelson v.Buckley, 567 So.2d 855, 857 (Ala. 1990) (summary judgment in favor of parties alleged to have exerted undue influence reversed in an action to set aside inter vivos
transfer of the decedent's funds). Nor do those cases adequately explain why a change of beneficiary can be challenged on the basis of the insured's mental incompetence or failure to assent, but not on the ground of fraud or undue influence. See Barnett, 224 Ala. at 312,140 So. at 377 (the beneficiary "has only an expectancy, yet it is such a substantial interest as would justify action to prevent a change without the binding assent of the assured'" (quotingMeyerson v. New Idea Hosiery Co., 217 Ala. 153, 155,115 So. 94, 95 (1928))).
In addition, the rule against challenging a change of beneficiary procured by undue influence is arguably inconsistent with the expansion of the tort of intentional interference with a business relationship, which now protects business relationships that are not vested and, therefore, could be considered "mere expectancies." See Utah *Page 1086 Foam Prods., Inc. v. Polytec, Inc.,584 So.2d 1345, 1353 (Ala. 1991) (recovery does not require proof that, but for the interference, the plaintiff would have been awarded a particular contract).
In Fortis, supra, our Supreme Court implicitly suggested that the rule set forth in Barnett may no longer be valid. In Fortis, a prior-designated beneficiary of a life insurance policy challenged a change of beneficiary allegedly procured by forgery. Our Supreme Court held that the insurer, having paid the second beneficiary in good faith and without notice of the forgery, was not liable to the prior-designated beneficiary because it was protected by Ala. Code 1975, § 27-14-24. The Court's opinion did not question the prior-designated beneficiary's standing or right to challenge the forgery, and it suggested that a challenge based on forgery or undue influence would have been allowed but for the protection of the statute. Fortis,926 So.2d at 988-89 ("To charge the insurer with liability in the case of a forgery but not in the case of undue influence would place form over substance, and such an approach is not authorized by the statute.").[3]
For the foregoing reasons, I believe our Supreme Court should reexamine the issue of whether a prior-designated beneficiary, in an action against a subsequently designated beneficiary, should be able to challenge a change of beneficiary allegedly procured by fraud or undue influence. This court, however, is bound by the decision of our Supreme Court in Barnett.
CRAWLEY, P.J., concurs.
[3] Of course, a reexamination of the rule followed inOwens and Barnett, as it relates to the rights of a prior-designated beneficiary, vis-à-vis the rights of a subsequently designated beneficiary, would still leave in place for the insurer the statutory protection afforded by the "facility of payment clause" of § 27-14-24.