This is an appeal from an order granting to Indiana National Bank, hereinafter called Bank, a writ of seizure entitling Bank to the immediate possession of a mobile home.
On May 28, 1975, Bank filed suit in the Circuit Court of Tuscaloosa County, Alabama, against Patrick Gilliam and Shirley Gilliam, hereinafter called the Gilliams, claiming right of seizure of a mobile home. The Bank, as an assignee, claimed default on a promissory note and security agreement. On June 12, 1975, the Gilliams filed a motion to dismiss, alleging that the action was not prosecuted in the name of the real party in interest and further alleging that the Bank had not filed a Mini-Code affidavit as required by the Alabama Consumer Finance Act. This motion was overruled on June 13, 1976, after Bank filed a Mini-Code affidavit.
On July 9, 1975, the Gilliams filed an answer which alleged that the sale and transaction were unconscionable, and that the contract and security agreement were contracts of adhesion, and that there was a failure of consideration in the sale, and that by virtue of Title 5, Section 320, Code of Alabama (1940) (1973 Cum.Supp.) the Gilliams had a defense against the seller which could be asserted against Bank to prevent Bank from being entitled to possession of the mobile home. The Gilliams also filed a counterclaim against Bank, and a third-party complaint against the retail seller, Donnie's Mobile Homes, Inc. and the manufacturer, Pyramid Homes, Inc. Service of process was never perfected on seller and the manufacturer since both businesses were defunct by that time.
After taking testimony on June 13, 1975, and July 11, 1975, upon the application of Bank for a writ of seizure, the court took the matter under advisement, with the parties submitting memoranda trial briefs. On October 14, 1975, the court granted the Bank's application. *Page 354 
The transaction out of which Bank's security interest arose occurred as follows: On March 12, 1974, the Gilliams purchased a new mobile home from Donnie's Mobile Homes. The manufacturer was Pyramid Homes. The Gilliams executed and delivered to David Goodman, a salesman of the retail mobile home dealer, two separate instruments: a customer's purchase agreement and a note and security agreement. The seller assigned the security agreement to Bank.
The mobile home was transported to and installed upon the Gilliams' lot by the seller approximately one week after the execution of the instruments of sale and security. After the installation the Gilliams entered the mobile home and discovered various defects in materials and workmanship.
The Gilliams immediately notified the seller of the defects. The seller told them they would "have to get in touch with Pyramid." Gilliam contacted Pyramid by telephone. After delays and discussions, Pyramid, the manufacturer, made some repairs to the mobile home. Such repairs were incomplete and unsatisfactory to the Gilliams.
The Gilliams made payments pursuant to the security agreement for a period of eight months. They failed to make any further payments. After six months of default in payment and demand for possession, suit was filed by the Bank.
The Gilliams contend that the Bank's suit is subject to all their claims and defenses against the seller arising out of the sale. The Bank admits that Title 5, Chapter 14, Sections 316-341, Code of Alabama (1940) (1973 Cum.Supp.) commonly referred to as the Mini-Code, is applicable to this consumer credit sale. Bank further agrees that if the Gilliams had a claim or defense against the seller arising from the sale it would be subject thereto in accordance with Section 320 of the Mini-Code.
The issue is whether the Gilliams have a meritorious claim or defense against the seller which may be asserted against the Bank. We find that the Gilliams do not have such a defense or claim. We agree with the Gilliams' contention that the customer's purchase agreement and not the security agreement, if there is conflicting language, governs the sale and any disclaimer, limitation or modification of the seller's warranty. Title 7A, Section 9-206 (2) Code of Alabama (1940).
Comment 3 to Section 9-206 (2) Code makes it clear that this provision "prevents a buyer from inadvertently abandoning his warranties by a `no warranties' term in the security agreement when warranties have already been created under the sales arrangement." White and Summers, Handbook of the Law Under theUniform Commercial Code, Section 12-5 at 362 (1972). The terms of the customer's purchase agreement provided that:
 "It is mutually agreed that there are no warranties, either expressed or implied, made by either the seller or the manufacturer on the trailer, mobile home, or the parts furnished hereunder, except as follows: On new units the manufacturer's warranty for the particularly described mobile home or trailer will apply, together with such other separate and individual warranties of the various makers of the accessories and equipment furnished. Each individual warranty will be for a duration of time, and will cover such usage as is particularly outlined in the separate manufacturer's own guaranty, and to which the buyer is directed."
This language gives notice of an express warranty by the manufacturer; it is not an express warranty by the seller. Nor, as contended by Gilliams, did the seller, by the inclusion of the notice of the manufacturer's warranty adopt such warranty as its own. Such construction is indeed strained.
The Gilliams further contend that implied warranties of merchantability and fitness by the seller arose from the sale as provided by Sections 2-314 and 2-315 of Title 7A, Code ofAlabama (1940), and such warranties were not disclaimed or excluded under Section 2-316 (2). Title 7A, Section 2-316 (2)Code of Alabama (1940) states that *Page 355 
 "To exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous."
The Gilliams contend that since the word "merchantability" was not mentioned in the disclaimer nor were such disclaimer provisions conspicuous, the seller impliedly warranted that the mobile home was merchantable and that it was fit for the particular purpose of use as a home. However, Title 7A, Section 2-316 (3)(a) Code, supra further provides "notwithstanding Subsection (2) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like `as is', `with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."
There appears on the face of the customer's purchase agreement the following: "Standard Manufacturer Warranty." "OTHERWISE SOLD AS IS." The latter appears herein as it does in the contract. There further appears on the back of the agreement the full paragraph which we have heretofore quoted. Plaintiff testified that this agreement was read and understood by them. In addition, the security agreement which was read and signed contemporaneously with the purchase agreement contained a disclaimer by the seller of express or implied warranties as to merchantability or fitness of purpose. Such disclaimer is in conspicuous print as required by Section 2-316 (2). Having been executed together, the instruments should be construed together in the absence of conflict of terms. The purchase agreement excludes all implied warranties by use of terms approved by Section 2-316 (3). That section does not require that the "as is" exclusion be conspicuous. Section 2-316 (3) is to be read "notwithstanding Subsection (2)." DeKalb Agresearch, Inc. v.Abbott, N.D.Ala., 391 F. Supp. 152, 17 UCC Rep. Service 75.
The Gilliams contend that they are not in default under the terms of the "security agreement" because they refused to make payments pursuant to Title 7A, Section 2-717, Code of Alabama(1940), which provides as follows:
 "The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract."
As implied warranties of fitness and merchantability were excluded in the sale, there was no breach and no damage to buyer to be deducted preventing default.
As Gilliams have no defense by way of breach of warranty against the seller, they have no defense upon default in payments against the right to seizure of the seller's assignee. Title 5, Section 320 (a), Code of Alabama (1940) (1973 Cum.Supp.).
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.