Billy Wilburn, plaintiff, brings this appeal from a judgment based on a directed verdict for defendant, Larry Savage Chevrolet, Inc. Wilburn brought the action for breach of contract, breach of warranty, and fraud arising from the sale of an automobile. Wilburn alleged that the defendant told him the automobile was new, was in proper working order, and had nothing wrong with it. He alleged that he discovered numerous defects which the defendant refused or failed to repair.
Wilburn also brought suit against General Motors Corporation, but the trial court dismissed General Motors as a party defendant. On February 21, 1984, the trial court made an express finding that there was no just reason for delay in the entry of final judgment in favor of General Motors, and entered such a judgment. Rule 54 (b), A.R.Civ.P. Wilburn did not make any post-judgment motion or file a notice of appeal regarding this judgment until April 24, 1984. On that date he filed a motion for new trial raising claims of error both as to the dismissal of General Motors and as to the April 2 directed verdict for Larry Savage Chevrolet. After the denial of this motion, he filed a notice of appeal naming both Larry Savage Chevrolet and General Motors as appellees. Because Wilburn did not file notice of appeal within 42 days of the entry of final judgment in favor of General Motors, his appeal from that judgment is due to be dismissed. Rule 4, A.R.A.P.
The entire evidence offered by Wilburn was his own testimony, eleven repair orders (some of which were duplicates), and the contract of sale. He also placed the secretary-treasurer of Larry Savage Chevrolet on the stand to ask the price of various items alleged to be defective, but the witness did not know any of the prices. The following summary of the evidence comes from Wilburn's testimony.
On January 4, 1982, Wilburn purchased a 1981 Chevrolet Monte Carlo from Larry Savage Chevrolet. He testified that the next day he looked more closely at the car and noticed that it had deep scratches on it, that the paint did not match all around the car, that the dashboard was "crinkled up" and looked old, and that the seats sagged and looked old. He said that the car made a bumping noise, that air came in around the windows, and that the clock and the radio did not work properly.
He took the car back to Larry Savage Chevrolet, which offered to paint the car. He testified that he told the salesman that he did not want the car painted, but wanted to return the car and take back the car he had traded in. The salesman told him the company could not do that because Wilburn's car had already been sold. Wilburn did not say that he made any further effort to rescind the sale.
The repair orders indicate that Larry Savage Chevrolet did work on the car in January, February, March, and August of 1982. Wilburn said the company did not bill him for any of the work. When asked if any of the things of which he had complained were still in need of repair, he answered, "All of them is still in need of repair. What they done, they done a sloppy job." When asked to be more specific, he said, "The catalytic converter went out on it," and "the dash is still messed up." The court sustained objections to Wilburn's testifying as to what it would cost to repair the dashboard. He testified that he had not taken the car for repairs anywhere other than Larry Savage Chevrolet, but that he had taken it elsewhere for an estimate on a paint job. He did not say what that estimate was.
In later testimony, Wilburn said that the tires had knots on them and the interior lights and the horn did not work. The *Page 386 
court sustained objections to questions put to Wilburn about the cost to repair these and other problems which he had previously mentioned.
After this testimony, Wilburn rested his case. The court told his attorney that he had not proved breach of contract or fraud because he had not proved that the car was not new, and that he had not proved breach of warranty because "You have no evidence that he carried the car back and they failed to comply or to fix anything that was under warranty." The court suggested that he review his complaint and proof and reopen his case the next morning. He did so, but added nothing further. The court granted defendant's motion for a directed verdict.[1]
The only issue that Wilburn raises is the sufficiency of the evidence to survive the motion for directed verdict. He cites no law on the substance of his action, but only cases regarding the scintilla rule and the standards for directed verdict. Appellee cites Courtesy Ford Sales, Inc. v. Clark,425 So.2d 1075 (Ala. 1983); Montgomery Lincoln-Mercury, Inc. v. Gaioni,402 So.2d 928 (Ala. 1981); Boulevard Chrysler-Plymouth, Inc. v.Richardson, 374 So.2d 857 (Ala. 1979); and Hall Motor Co. v.Thurman, 285 Ala. 499, 234 So.2d 37 (1970), as establishing the standards by which car purchasers may recover in fraud for being induced to purchase automobiles falsely represented to be new and in good condition.
The trial court was correct in ruling that Wilburn presented no evidence on which he could recover. He made no proof of the contract other than the written document and the testimony that the salesman represented the car to be new and in good condition. The written contract describes the car as new. As will be discussed under the issue of fraud, his proof would not support a finding that the car was not new. The trial court committed no error in ruling that the statement that the car was in good working condition went properly to a breach of warranty or fraud count, not a breach of contract count.
Wilburn offered no proof of the express warranty that normally comes with a new car. The contract of sale clearly set out the following "Disclaimer of Warranty," right next to the line where Wilburn signed the contract:
 "Unless and except as expressly provided by separate instrument in writing, the seller disclaims all warranties, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and the seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of the vehicle."
The repair orders showed that Larry Savage Chevrolet worked on the problems, and they tended to show that successful repairs were achieved in most cases. All of this apparently was done under some warranty at no charge to Wilburn. As noted above, however, Wilburn did not prove any written express warranty and the contract specifically disclaimed any orally expressed warranties or implied warranties. Nothing in the record has any tendency to prove breach of warranty.
Wilburn's testimony would not support a finding that the car was not a new car. The sales contract shows the odometer reading as 27.6 miles, and Wilburn offered no proof to contradict this reading or to show that the car had previously been sold at retail. Nor did he present any proof that the car was so extensively defective that it could not be called "new" under the holdings of the cases cited above. Most of the problems of which Wilburn complained were merely "bugs," minor defects common to many new cars. The allegations that the paint was scratched and discolored, that the dashboard was in poor *Page 387 
condition, and that the seats sagged did not tend to prove that the car had previously been sold at retail or that it had been damaged in a wreck so as to require major alterations or repairs. See Boulevard Chrysler-Plymouth, supra. Indeed, Wilburn presented no evidence that Larry Savage Chevrolet had made any repairs to the car before the sale or was aware of any defects in the car. Thus, the trial court committed no error in holding that Wilburn had failed to prove a material misrepresentation.
Moreover, the items relating to the appearance of the car should have been readily visible upon even a casual inspection. To the extent that Wilburn felt that the car was not "new" because its appearance was not that of a new automobile, his testimony negates any finding of a reasonable reliance on a statement that it was new.
Wilburn presented no evidence upon which he could recover against Larry Savage Chevrolet. The judgment on the directed verdict in favor of Larry Savage Chevrolet is affirmed. The appeal from the final judgment in favor of General Motors is dismissed.
THE APPEAL FROM THE FINAL JUDGMENT IN FAVOR OF GENERAL MOTORS IS DISMISSED. THE JUDGMENT IN FAVOR OF LARRY SAVAGE CHEVROLET IS AFFIRMED.
MADDOX, FAULKNER, JONES and SHORES, JJ., concur.
TORBERT, C.J., concurs in the result.
[1] We note that, in addition to the failure of Wilburn's proof to meet the requisites of a claim for breach of warranty, express or implied, no claim was asserted for violation of the Magnuson-Moss Act (15 U.S.C. § 2301, et seq.). Compare Gaylordv. Lawler Mobile Homes, Inc., 477 So.2d 382 (Ala. 1985).