Wesley M. Gaylord appeals from a summary judgment granted in favor of the *Page 383 
defendant, Lawler Mobile Homes, Inc., in an action alleging breach of warranty, bad faith, and violation of the Magnuson-Moss Act, 15 U.S.C. § 2301, et seq.
On 29 April 1982, Gaylord purchased a mobile home from Lawler Mobile Homes. After delivery a week later, Gaylord noticed a number of defects in the mobile home. He asked the seller to correct these defects; no action was taken. Gaylord made numerous further attempts to obtain the necessary repairs — but to no avail.
The purchase agreement between Gaylord and Lawler Mobile Homes contains the following provision:
 "It is understood and agreed that except as may be required under applicable state law the dealer makes no warranties whatsoever regarding the unit or any appliance or component contained therein."
Lawler Mobile Homes argues that this provision operates as a disclaimer of all implied warranties; alternatively, however, it argues that were this Court to find the disclaimer ineffective, the provision would operate as a limitation of the remedies available to Gaylord.
This Court fails to see how the above provision could operate as a limitation of remedies. The provision nowhere mentions remedies. Code 1975, § 7-2-719 (1)(b), establishes a presumption that remedies are cumulative unless expressly limited. Burbic Contracting Co. v. Cement Asbestos Products,409 So.2d 1 (Ala. 1982). Thus, the provision in the purchase agreement cannot serve as a limitation of remedies. Lawler's cause must rest on the validity of the provision as a disclaimer of implied warranties.
Under Alabama law, a warranty of merchantability is implied in all contracts of sale, if the transaction conforms to the requirements of Code 1975, §§ 7-2-314 and 7-2-315, and if the implied warranty is not properly excluded. The standard for exclusion is contained in § 7-2-316. To disclaim an implied warranty of merchantability, the provision must be conspicious and must mention "merchantability." Code 1975, § 7-2-316 (2). In the instant case, the relevant provision in the purchase agreement nowhere mentions "merchantability."
However, an alternative method of excluding potential warranty liability is provided in § 7-2-316 (3)(a), as follows:
"(3) Notwithstanding subsection (2):
 "(a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like `as is,' `with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty. . . ."
An exclusion under this subsection need not mention "merchantability," and it need not be conspicuous. Gilliam v.Indiana National Bank, 337 So.2d 352 (Ala.Civ.App. 1976).
Because the product involved was new, the statutory disclaimer and its language "as is," "with all faults," or "as they stand" (see Code 1975, § 7-2-316, comment 7) has no application. The issue in the instant case is whether the language "except as . . . required under . . . state law the dealer makes no warranties" constitutes language which in common understanding calls the buyer's attention to the exclusion of warranties and makes it plain that there is no implied warranty. Because, under the circumstances, the law imposes implied warranties of merchantability, absent compliance with § 7-2-316 (3)(a), we cannot say, as a matter of law, that there is no genuine issue of material fact; thus, the trial court improperly granted summary judgment. The factual issue of merchantability is for the jury.
Additionally, the claim asserted for violation of the Magnuson-Moss Act raises genuine issues of material fact for submission to the jury; thus, the trial court's grant of summary judgment as to this claim was also improper.
On the other hand, with regard to the bad faith claim, summary judgment was proper. The tort of bad faith has been *Page 384 
recognized in this state only within the insurance policy context. See Kennedy Electric Co. v. Moore-Handley, Inc.,437 So.2d 76, 81 (Ala. 1983). Therefore, we affirm the summary judgment as to the bad faith claim, but reverse and remand to the trial court for further proceedings as to the claims for breach of warranty and the claim for violation of the Magnuson-Moss Act.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON and SHORES, JJ., concur.
TORBERT, C.J., and BEATTY, ADAMS and HOUSTON, JJ., not sitting.