BRADLEY, Presiding Judge.
On February 18, 1986 the plaintiffs, Fire Investigations and Analyses, Inc. and Jack W. Kiser, filed suit against the defendants, Stanley D. Bowman and his wife, Sandra D. Bowman. The complaint, filed in Baldwin County District Court, alleged that plaintiffs had been hired by defendants to do investigatory work regarding the origin of a fire that destroyed defendants’ home.
Plaintiffs further alleged that they had performed the investigation but that defendants had failed to pay. Both defendants answered and denied the obligation. Plaintiffs responded with a motion for summary judgment, filed May 8, 1986.
In support of their motion, plaintiffs submitted the affidavit of Jack Kiser, which stated that he was contacted by Mr. Bowman to investigate a fire that occurred at the Bowman residence. Mr. Kiser further stated that he conducted the investigation and made a court appearance in that regard on May 30, 1985.
Mr. Kiser expended fifty-two hours of work preparing the investigation, with his bill for services totaling $2,474.20. A copy of Mr. Kiser’s itemized statement for services was also submitted with the affidavit. Defendants failed to offer any contradictory evidence.
The district court granted plaintiffs’ motion for summary judgment, and defendants appealed to the Baldwin County Circuit Court. Plaintiffs subsequently filed a motion for summary judgment in the circuit court on June 24, 1986. This motion was granted on July 9, 1986.
Defendant Sandra D. Bowman filed a motion to set aside the summary judgment on August 1, 1986, alleging that: (1) she was not indebted to plaintiffs; (2) she did not employ plaintiffs; (3) she had not even communicated with plaintiffs; and (4) plaintiffs’ affidavit asserted that Stanley D. Bowman employed the plaintiffs.
Plaintiffs opposed her motion to set aside, maintaining that: (1) Mr. Bowman held himself out as acting for his wife; (2) the couple is jointly responsible for the debt; (3) the services performed were for both the husband and wife; (4) plaintiffs’ attorney received an unsigned letter from defendants which evidences defendants’ intent to appeal only for purposes of delay; and (5) a joint judgment should be entered against the Bowmans to prevent irreparable harm or fraud.
On September 3, 1986 the circuit court denied Sandra D. Bowman’s motion to set *775 aside, and on October 15, 1986 the Bow-mans appealed to this court.
Plaintiffs-appellees have moved for a dismissal of the appeal on the grounds that it is both untimely and frivolous. We first address plaintiffs’ contention that the appeal is untimely.
The Bowmans’ notice of appeal to this court was filed on October 15, 1986. However, Mrs. Bowman’s motion to set aside the judgment tolled the running of the time for perfecting an appeal by her. The time for her appeal did not commence to run until September 3, 1986 when her posttrial motion was overruled. Her appeal, therefore, is timely. Mr. Bowman, however, filed no motions. Thus, his appeal is not timely and is due to be dismissed.
Plaintiffs-appellees also contend that the appeal is frivolous and should be dismissed. It is within the province of this court to dismiss a frivolous appeal. Rule 2, Alabama Rules of Appellate Procedure. Whether an appeal is frivolous is further governed by Rule 38, A.R.A.P.:
“Rule 38 does not establish a standard for what constitutes a frivolous appeal; instead it commits the question to a determination by the appellate court in which the appeal is argued.”
Adams v. Adams, 335 So.2d 174 (Ala.Civ. App.1976).
Although there may be merit in plaintiffs’ assertions that the appeal is frivolous, we decline to dismiss the appeal on this ground. We much prefer to dispose of an appeal on its merits wherever possible, and we do so in this instance.
Plaintiffs filed two motions for summary judgment—one in circuit court and one in district court. Both were supported by an affidavit as well as an attached itemized statement evidencing the debt. The defendants offered no contradictory evidence.
The rule regarding summary judgments is well settled. Once a movant establishes that there is no genuine issue of material fact still to be decided, then summary judgment is proper. Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091 (Ala.1983). To prevent the summary judgment from issuing, the party opposing the motion must produce evidence demonstrating that a genuine issue of material fact does indeed exist. Schoen v. Gulledge, 481 So.2d 1094 (Ala.1984).
It is not sufficient for the opposing party to rely on the mere allegations or denials found in his pleadings. Garrigan, supra. If he presents no contradictory evidence, we must view the movant’s evidence as uncontroverted. Eason v. Middleton, 398 So.2d 245 (Ala.1981).
The plaintiffs submitted affidavits that established no genuine issue of material fact. Defendants failed to respond. Summary judgment was therefore properly entered in plaintiffs’ favor.
Thus, we affirm the lower court’s granting of summary judgment against Mrs. Bowman and dismiss Mr. Bowman’s appeal as untimely.
APPEAL DISMISSED.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.