549 So.2d 44 (1989)
DAIRYLAND INSURANCE COMPANY and Mack Sullivan
v.
GENERAL MOTORS CORPORATION and Massey Chevrolet, Inc.
88-57.
Supreme Court of Alabama.
June 30, 1989.
As Modified on Grant of Rehearing in Part August 25, 1989.
*45 G.B. McAtee of Stokes & McAtee, Mobile, for appellants.
Richard T. Dorman and Patricia P. Ponder of Johnstone, Adams, Bailey, Gordon & Harris, Mobile, for appellee Gen. Motors Corp.
Philip H. Partridge and Michael P. Windom of Brown, Hudgens, Richardson, Mobile, for appellee Massey Chevrolet, Inc.
MADDOX, Justice.
The issue in this appeal is whether the trial court erred in granting the defendants' motions for summary judgment.
The evidence before the trial court tended to show the following: Mack Sullivan purchased a new 1986 General Motors van from Massey Chevrolet, Inc. (hereinafter "Massey") on October 17, 1985. Shortly thereafter, Sullivan began having trouble with the lights on the van; they would blink on and off. Sullivan took the vehicle to Massey on May 16, 1986, to have Massey correct the problem with the lights. Sullivan states that he told Ray Shipp of Massey that the problem was with the entire lighting system. Shipp testified that Sullivan told him only that the interior dome light was causing problems. The repair order notes a complaint only about the dome light, and Roland Frank, an employee of Massey, did repair work only on the dome light. On May 25, 1986, the vehicle caught fire while Sullivan was driving it; Sullivan was not injured, but the van was totally destroyed. Sullivan made a claim with his insurance carrier, Dairyland Insurance Company (hereinafter "Dairyland"), and his claim was paid. Dairyland hired Gary Venz to inspect the vehicle; Venz is a senior fire investigator for Systems Engineering Associates, Inc., but he has no expertise in the wiring of motor vehicles. Venz reported that the fire originated as a result of some shorting of wiring underneath the dashboard area, near the steering *46 column, but that the heavy damage prevented a determination as to what caused the malfunction. In a deposition, Venz testified that he did not have an opinion as to what may have caused the wiring to malfunction. In a later affidavit, Venz stated that the cause of the fire was the shorting out of the electrical system underneath the dashboard.
On March 16, 1987, Sullivan and Dairyland, as subrogee of Sullivan, filed a five-count complaint against General Motors Corporation (hereinafter "GM") and Massey, alleging negligence on the part of GM in the manufacture of the vehicle, breach of express warranty and the implied warranty of merchantability, negligence on the part of GM, negligence on the part of Massey in repairing the vehicle, and a cause of action under the Alabama Extended Manufacturer's Liability Doctrine against both GM and Massey. The trial court granted the defendants' motions for summary judgment on all counts.
Dairyland and Sullivan contend that there was a scintilla of evidence of a defect in the vehicle and, thus, that the trial court erred in entering the summary judgment as to the warranty claims. Because this action was filed prior to June 11, 1987, the effective date of Ala.Code 1975, § 12-21-12, the "scintilla rule" applies to our review of the trial court's judgment. Dairyland and Sullivan have produced at least a scintilla of evidence that there was a defect in the vehicle that caused the fire. Plaintiffs' expert Venz testified that there was an electrical short some place under the dashboard and that that short caused the fire. Thus, the entry of summary judgment was incorrect as to the claims for breach of warranties.
The negligent manufacture claims and the claim under the Alabama Extended Manufacturer's Liability Doctrine are controlled by this Court's recent decision in Lloyd Wood Coal Co. v. Clark Equipment Co., 543 So.2d 671 (Ala.1989). It has been widely recognized that one cannot recover in tort for damage to the product itself:
"A defective product is a loss of the benefit of the bargain which is a contract rather than a tort action. Negligence and other tort actions have as their public policy the protection of person and property, other than the purchased product. The product itself, therefore, falls outside the protected ambit, but the plaintiff has an action in contract for total or partial failure of consideration or a breach of an express or implied warranty."
C. Gamble & D. Corley, Alabama Law of Damages, § 32-8, 339 (1982). "[A] manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." East River Steamship Corp. v. TransAmerica Delaval, Inc., 476 U.S. 858, 871, 106 S.Ct. 2295, 2302, 90 L.Ed.2d 865 (1986) (applying products liability law to admiralty). "When a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to its contractual remedies are strong." Id. In Lloyd Wood Coal, we adopted the United States Supreme Court's reasoning in East River. Therefore, the entry of summary judgment was correct as to the claim under the AEMLD and the negligent manufacture claims.
As to the claim that Massey was negligent in its repair of the vehicle, however, we are of the opinion that the plaintiffs did produce a scintilla of evidence. Sullivan stated that he told Shipp that the problem was with all the lights on the van; Shipp says that Sullivan talked only of the dome light. Frank stated that if a customer was complaining about all the lights blinking on and off, then the proper way to test for that problem would be to check the ground system of the vehicle, which is located underneath the dashboard near the steering column. While there is no evidence that the repairs done to the dome light had any connection to the fire, the plaintiffs have presented at least a scintilla of evidence that Massey's failure to check the entire lighting system, and particularly the ground system, was negligence that proximately caused this fire. Under the evidence before the trial court, the issues *47 of whether Sullivan actually told Massey that the problem was with all the lights and whether Massey could have found the wiring problem and repaired it so that this fire would not have occurred are issues for resolution by a jury. Therefore, the trial court erred in granting Massey's motion for summary judgment as to the claim for negligent failure to repair.
For the above reasons, the summary judgment is affirmed as to the negligent manufacture and AEMLD claims, but is reversed as to the warranty claims and the claim for negligent failure to repair, and this cause is remanded for a trial on those issues.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES and ADAMS, JJ., concur.

ON APPLICATION FOR REHEARING
MADDOX, Justice.
In its application for rehearing, Massey Chevrolet, Inc., argues:
"The Plaintiffs/Appellants' claims for breach of express and implied warranty against the dealership, Massey Chevrolet, Inc., are separate and distinct from those same claims against the manufacturer, General Motors (GM). More importantly, the defenses available to the dealership for those claims are entirely different than the defenses of the manufacturer, GM. The summary judgment was granted by the Trial Court in favor of the dealership and the manufacturer based on separate and different defenses. This Court failed to differentiate and discuss Massey Chevrolet's defenses to the Plaintiffs' claims for breach of express and implied warranty."
After reexamining the record, we are persuaded that Massey Chevrolet did properly disclaim any warranties on its part and that the only warranty covering this vehicle was the one given by GM.
The evidence is undisputed that the Plaintiff bought a new 1986 Chevrolet van, which came with the standard General Motors warranty. The warranty was issued by the manufacturer and not by the dealership, Massey Chevrolet. The van's warranty is not a joint warranty obligation of General Motors and Massey Chevrolet. See Ford Motor Co. v. Tindol, 380 So.2d 904 (Ala.Civ.App.1980).
It is undisputed that Massey Chevrolet made no express warranties to the plaintiff. All warranties issued with the 1986 van were made by the manufacturer. This exact issue was addressed in Courtesy Ford Sales, Inc. v. Farrior, 53 Ala.App. 94, 298 So.2d 26 (Ala.Civ.App.), cert. denied, 292 Ala. 718, 298 So.2d 34 (Ala.1974). In that case the purchaser brought an action against the dealer and the manufacturer, seeking to recover for breach of express warranty. The warranty in that case, like the one in this case, was the manufacturer's standard new vehicle warranty. This Court held:
"The question then arises as to whether the dealer can be held liable for the guarantees of the manufacturer. We have been cited to no cases, nor have we found any, so holding. It has been decided, however, that unless the dealerspecifically adopts the warranty of the manufacturer then he is not bound thereby."

Courtesy Ford Sales, Inc., supra, 53 Ala. App. at 100, 298 So.2d at 31 (emphasis supplied).
There is no evidence that Massey Chevrolet adopted the GM warranty. Because Massey Chevrolet was not a party to the warranty in this case and could not be found to have specifically adopted it, the trial court properly entered the summary judgment for Massey Chevrolet on the express warranty claim. See also, Gilliam v. Indiana National Bank, 337 So.2d 352 (Ala.Civ.App. 1976).
The trial court also properly entered the summary judgment for Massey Chevrolet on the plaintiffs' claim of breach of an implied warranty of merchantability. The implied warranty of merchantability is found in Alabama Code 1975, § 7-2-314. That section provides in pertinent part:

*48 "(1) Unless excluded or modified (Section 7-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale...." (Emphasis supplied.)
Alabama Code 1975, § 7-2-316, contains the provisions for exclusion or modification of warranties. That statute provides in pertinent part as follows:
"(2).... [T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in the case of a writing must be conspicuous...."
Thus, the implied warranty of merchantability can be disclaimed or excluded. Massey Chevrolet did in fact properly disclaim any implied warranty of merchantability to the plaintiff. When Mack Sullivan purchased the van from Massey Chevrolet, the plaintiff executed Massey's standard "Retail Installment Sales Contract." As a part of this sales contract, the following disclaimer is included, in bold print:
"Warranties Seller Disclaims. You understand that the Seller is not offering any warranties and there are no particular purpose, or any other warranties, express or implied by the Seller, covering the vehicle unless the Seller extends a written warranty or service contract within 90 days from the date of this contract."
In Wilburn v. Larry Savage Chevrolet, Inc., 477 So.2d 384 (1985), a purchaser brought a claim against an automobile dealership alleging breach of warranty. The contract of sale contained a disclaimer of warranty very similar to the one in this case. The Court found that the clause properly disclaimed any implied warranty. See also Gaylord v. Lawler Homes, Inc., 477 So.2d 382 (Ala.1985), Gilliam, supra, at 355.
Thus, the dealership properly disclaimed any implied warranty of merchantability to plaintiff Sullivan and the trial court correctly entered summary judgment for Massey Chevrolet on the claim alleging the breach of such a warranty.
The original judgment of this Court is modified, so that the summary judgment in favor of Massey Chevrolet is affirmed as to the plaintiffs' breach of warranty claims. We are unpersuaded, however, by Massey Chevrolet's other arguments in its application.
OPINION MODIFIED AND EXTENDED; APPLICATION GRANTED IN PART AND OVERRULED IN PART; JUDGMENT MODIFIED.
HORNSBY, C.J., and ALMON, ADAMS and KENNEDY, JJ., concur.