577 So.2d 414 (1990)
WELLCRAFT MARINE, A DIVISION OF GENMAR INDUSTRIES, INC.
v.
Robert J. ZARZOUR.
Robert J. ZARZOUR
v.
ECONOMY MARINE, INC., et al.
The CINCINNATI INSURANCE COMPANY, INC.
v.
Robert J. ZARZOUR.
89-0012, 89-0092 and 89-0160.
Supreme Court of Alabama.
December 14, 1990.
Rehearing Denied March 15, 1991.
*415 Richard H. Sforzini, Jr. and Michael A. Youngpeter of Sirote & Permutt, Mobile, for appellant Wellcraft Marine.
David A. Hamby, Jr. and James W. Tarlton IV of Brown, Hudgens, Richardson, Mobile, for appellant Cincinnati Ins. Co.
M.A. Marsal and C.S. Chiepalich and Clifford C. Sharpe, Mobile, for appellee/cross-appellant Robert J. Zarzour.
Richard L. Thiry, Mobile, for appellee Economy Marine, Inc.
MADDOX, Justice.
These consolidated appeals present substantive questions of law concerning the applicability of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and the law of implied warranty:
1. Does the purchaser of a pleasure boat have a remedy under the AEMLD if he suffers economic loss as a result of damage to the boat arising out of an alleged defect in the boat?
2. Was there privity of contract between the boat manufacturer and the purchaser from a dealer so that the doctrine of implied warranty would apply against the manufacturer?
3. Can the purchaser of a pleasure boat recover damages for alleged mental anguish caused when the boat's radio failed to transmit an S.O.S. call as the boat was taking on water and the passengers became frightened, fearing that it was going to sink?
We must also consider a question of timeliness regarding one of the appeals.

*416 FACTS
This lawsuit arises out of a boating mishap involving Robert J. Zarzour, who purchased a boat from Economy Marine, Inc. (hereinafter "Economy"). The boat had been manufactured by Wellcraft Marine, a division of Genmar Industries, Inc. (hereinafter "Wellcraft"), and was insured by Cincinnati Insurance Company.
In March 1986, while boating in Mobile Bay with family and friends, Zarzour drove the boat into, or bumped, an unseen, submerged object near Dauphin Island. After determining that the damage was not major, Zarzour drove the boat across Mobile Bay back to Dog River Marina, but during the trip the boat began to take on water. No one in the boat was physically injured. Cincinnati Insurance's inspector examined the boat and determined that there were manufacturing defects in the boat, and Cincinnati Insurance refused to pay for the damage.
On July 2, 1986, Zarzour filed this action against Wellcraft and Economy, alleging breach of express warranty and breach of implied warranties and asserting claims under the AEMLD. Zarzour later amended his complaint to claim damages for mental anguish and punitive damages against Wellcraft based on alleged wanton or willful misconduct in placing a defective boat in the stream of commerce. Zarzour made claims against Economy based on an alleged breach of express warranty, breach of implied warranty of merchantability, and revocation of acceptance. Zarzour also added a claim against Cincinnati Insurance alleging breach of contract.
Wellcraft subsequently filed a motion for partial summary judgment on Zarzour's punitive damages claims, and this motion was granted.
Zarzour later amended his complaint to drop his breach of express warranty claim against Wellcraft and Economy.
The case ultimately went to trial. At the close of the plaintiff's evidence, Wellcraft moved for a directed verdict, arguing as one of the grounds that Zarzour could not recover damages under the AEMLD for property damage to the product itself. The trial court denied Wellcraft's motion, but subsequently granted its motion for a directed verdict made at the close of all the evidence on the implied warranty and mental anguish claims that Zarzour had filed against Wellcraft. Economy was also granted a directed verdict on Zarzour's mental anguish claim. As a result of the trial court's action, the only claim against Wellcraft submitted to the jury was the AEMLD claim. The claims against Economy that were submitted to the jury were the breach of implied warranty and revocation of acceptance claims. The jury returned a verdict against Wellcraft on the AEMLD claim for $46,916 and a verdict against Cincinnati Insurance on the breach of contract claim for $15,639. The jury returned a verdict in favor of Economy on Zarzour's implied warranty and revocation of acceptance claims.
Only Wellcraft filed post-trial motions. It moved for judgment notwithstanding the verdict, new trial, and remittitur, and each of these motions was denied on August 22, 1989. Wellcraft timely filed its notice of appeal on September 29, 1989. Zarzour filed a notice of cross-appeal on October 13, 1989, in which he stated, among other things, the following:
"Notice is hereby given that Robert J. Zarzour, Appellee/Cross Appellant, cross-appeals to the above-named court from (1) the order granting summary judgment in favor of Economy Marine, Inc. as to Robert J. Zarzour's claim for breach of expressed warranties, the date of said order is not entered upon the docket sheet but the decision was conveyed orally from the bench to the parties on or about January 12, 1988, (2) the order dated May 4, 1989, entering a directed verdict in favor of Economy Marine, Inc., and Wellcraft Marine on the issue of mental anguish, and breach of warranties (3) the order dated June 15, 1988 granting summary judgment in favor of Wellcraft Marine on the issue of punitive damages entered in this cause. Cross-Appellee Economy Marine, Inc. and Cincinnati Insurance Company, Inc. are necessary parties on appeal in determining *417 the proper relief due Robert J. Zarzour upon remand should this court determine that Wellcraft Marine's relief requested on appeal is due to be granted."
Cincinnati Insurance, although it had not filed any post-trial motion, filed on October 27, 1989, what it styled a "Notice of Cross Cross Appeal" from "[t]he Order dated May 4, 1989 entering a judgment in favor of Robert J. Zarzour on the issue of pre-judgment interest; and.... [t]he Cross-Appeal of Robert J. Zarzour filed on October 13, 1989." Cincinnati Insurance and Economy have both filed motions with this Court to dismiss Zarzour's cross-appeal as being untimely.
In this case, there is presented once again a question of appellate practice and procedure that has caused some confusion, that question being the time within which parties should appeal in litigation involving several parties; this question is especially troublesome when there are post-trial motions filed by one or more of the parties.[1] We take this opportunity to address once again this question of appellate practice and procedure.

I
One of the questions presented here is whether a party, Zarzour in this case, can cross-appeal and claim error by the trial court, when the party has not filed a post-trial motion in the trial court and given the trial judge an opportunity to correct the alleged improper ruling. Both Cincinnati Insurance and Economy contend that because Zarzour did not file a post-judgment motion in the trial court, that his time for taking an appeal was not tolled, and they point out that when he appealed more than 42 days had expired after the entry of the judgment of the trial court from which he was appealing.
The timeliness of such an appeal is not without its problems, and the factual situation here presented has arisen before. In Bowman v. Fire Investigations & Analyses, Inc., 502 So.2d 773 (Ala.Civ.App.1987), the Court of Civil Appeals held that a second appellant's notice of appeal was untimely because that second appellant had not filed a post-judgment motion, but that the first appellant's appeal was timely because she had filed a post-judgment motion and the running of her time for appeal had therefore been tolled. Bowman held that the running of one party's time for appeal was not tolled by the fact that another party had a post-trial motion pending.
In the case before us, Wellcraft did file post-judgment motions. The filing of those motions tolled the time within which an appeal could be taken, because it is well established that the filing of a post-judgment motion made pursuant to Rule 59, A.R.Civ.P., tolls the time for taking an appeal from the case. Rule 4(a)(3), A.R. App.P. The running of the time for taking an appeal is tolled as to all parties, not just the one who filed the post-judgment motion.[2] We conclude that Bowman was incorrectly decided insofar as it held the appeal untimely.
Wellcraft's post-judgment motions tolled the time for taking an appeal, and once Wellcraft timely appealed after its motions were denied, Zarzour cross-appealed within the 14 days allowed by Rule 4(a)(2), A.R.App.P., which states, in part, "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days." Rule 4(a)(3) provides, in part, that "[a]ny error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52(b) or Rule 59 of the ARCP." Here, Zarzour's notice of appeal was from "(1) the order granting summary judgment *418 in favor of Economy Marine, Inc., as to [his] claim for breach of expressed warranties... [and] (2) the order dated June 15, 1988 granting summary judgment in favor of Wellcraft Marine on the issue of punitive damages...." We find that his cross-appeal was timely.[3]
Although Zarzour's cross-appeal was timely filed, the same is not true with regard to the cross-appeal by Cincinnati Insurance, which was filed more than 14 days after Wellcraft's notice of appeal was filed; therefore, Cincinnati Insurance's notice of appeal was untimely and is due to be dismissed. Consequently, we will not address any of the issues raised by Cincinnati Insurance in its appeal.

II
On its appeal, Wellcraft contends that it was error for the trial court to submit to the jury Zarzour's AEMLD claim, because the only damage claimed by Zarzour was to the product itself and, Wellcraft contends, one cannot recover under the AEMLD for damage to the product itself. This Court held in Dairyland Ins. Co. v. General Motors Corp., 549 So.2d 44 (Ala.1989), and Lloyd Wood Coal Co. v. Clark Equipment Co., 543 So.2d 671 (Ala. 1989), that there is no cause of action in tort under the AEMLD for a product defect that results in damage only to the product itself. Zarzour contends that this Court should distinguish between products that are sold to consumers and products that are sold to commercial buyers, but we are unwilling to adopt such a distinction. The rule remains the same, regardless of the nature of the customer: "`A defective product is a loss of the benefit of the bargain which is a contract rather than a tort action.'" Dairyland Ins. Co., 549 So.2d at 46, quoting C. Gamble & D. Corley, Alabama Law of Damages, § 32-8 at 339 (1982).
Zarzour claims that if this Court does not allow his AEMLD judgment to stand, we will deprive him of a remedy. That is not the case. Wellcraft provided Zarzour with an express warranty on the boat, and the alleged damage occurred while the boat was still under warranty. Zarzour initially made a claim based on the breach of this express warranty but specifically amended his pleadings to drop his claim based on the express warranty.
Zarzour, arguing in support of an affirmance of the judgment entered on his AEMLD claim, says that the judgment should stand, even if damages could not be recovered for the damage to the boat itself, because there was damage to items other than to the boat itself, items such as his shoes and equipment in the boat. Regarding this argument, we note that Zarzour made no claim in his pleadings regarding damage other than to the boat, even if such a claim would be allowed; therefore, we find that the jury could not have based its verdict on a finding that property other than the boat itself was damaged because of the alleged defect in the boat, assuming that damages relating to the personal items and equipment in the boat would have been recoverable.
Based on the foregoing, we hold that the trial court erred in submitting the AEMLD claim to the jury. Therefore, the judgment entered against Wellcraft is due to be reversed and a judgment rendered in favor of Wellcraft.

III
We now consider Zarzour's argument made on cross-appeal that the trial court erred in directing a verdict for Wellcraft on his claim of mental anguish.
In Alabama, the general rule is that mental anguish is not a recoverable element of damages arising from a breach *419 of contract. However, there are two exceptions to this rule: (1) where the contractual duty is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily, or can reasonably be expected to, result in mental anguish or suffering, and (2) where the breach of the contract is tortious or is attended with personal injury. See B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala.1979); Stead v. Blue Cross-Blue Shield of Alabama, 346 So.2d 1140 (Ala.1977); F. Becker Asphaltum Roofing Co. v. Murphy, 224 Ala. 655, 141 So. 630 (1932). We decline to hold, as Zarzour urges us to hold, that the sale of a boat is a contract so related to matters of mental concern or solicitude as to bring it within the first exception to the rule. Regarding the second exception, we note that Zarzour did not present any evidence that this breach of contract was tortious. Therefore, the trial court did not err in directing a verdict for Wellcraft on this claim.

IV
Zarzour also argues on his cross-appeal that the trial court erred in entering a summary judgment for Wellcraft on his claim for punitive damages. Because we find that the only claim made by Zarzour was that he had suffered an injury to the product itself, we conclude that Zarzour's remedy was in contract and not in tort, as explained above. This Court specifically rejected a claim based on wantonness where the only damage was to the product itself. See Lloyd Wood Coal Co. v. Clark Equipment Co., 543 So.2d 671 (Ala.1989). The trial court did not err in entering a summary judgment as to this claim.

V
Zarzour argues that there was privity between himself and Wellcraft and that because of this privity the trial court erred in directing a verdict for Wellcraft on his implied warranty claims. Wellcraft, and not Economy, provided Zarzour with a written warranty covering the boat. "While Alabama's version of U.C.C. § 2-318 has abolished privity requirements in actions involving injuries to natural persons, the privity requirements still remain[ ] in cases of strictly economic injury." State Farm Fire & Cas. Co. v. J.B. Plastics, Inc., 505 So.2d 1223, 1227 (Ala.1987). There is no right of action on an implied warranty theory against a manufacturer for property damage without privity of contract; Section 7-2-318, Ala.Code 1975, provides, "A seller's warranty, whether express or implied, extends to any natural person...." (Emphasis added.) "Seller" is defined as "a person who sells or contracts to sell goods," § 7-2-103(1)(d). Further, § 7-2-314 (the implied warranty of merchantability section) and § 7-2-315 (the implied warranty of fitness for a particular purpose section) both apply to the "seller." In this case, Economy was the seller, not Wellcraft.
Zarzour argues that the written, express warranty did not disclaim implied warranties, and, thus, that Wellcraft was liable under those implied warranty theories. However, Zarzour overlooks the fact that Wellcraft was not the seller and, thus, was under no obligation to disclaim implied warranties that did not apply to it, the manufacturer.
Zarzour also contends that the express warranty itself created privity of contract and therefore that his implied warranty claims should have been allowed to go to a jury, but Zarzour cites no authority for the proposition that an express warranty converts a manufacturer into a "seller" for the purposes of the commercial code's implied warranty provisions. Regardless of any express warranties that a manufacturer may wish to give with a product, by their very language the commercial code's implied warranty sections apply to the seller of the product. Zarzour does not contend that Economy was Wellcraft's agent and produced no evidence that Wellcraft was the "seller" for the purposes of the implied warranty sections; therefore, the trial court did not err in directing a verdict for Wellcraft on Zarzour's implied warranty claims.

*420 VI
On his cross-appeal, Zarzour also raises two issues regarding Economy. Zarzour argues that the trial court erred in not submitting his mental anguish claim to the jury; for the reasons set forth above, we conclude that the trial court did not err. Prior to trial and prior to taking an appeal from this judgment, Zarzour dropped his express warranty claim against Economy; therefore, even if the trial court had erred in entering a summary judgment for Economy on that claim, the error would not be reversible because Zarzour later dropped that claim. Stated differently, any error in entering that summary judgment was harmless, because Zarzour later made the decision to forgo pursuing any express warranty claim against any party.

VII
Based on the foregoing, the judgment of the trial court denying Wellcraft's motion for judgment notwithstanding the verdict is due to be reversed and a judgment rendered for Wellcraft; the summary judgments are due to be affirmed; and Cincinnati Insurance's appeal is due to be dismissed.
89-0012 REVERSED AND JUDGMENT RENDERED.
89-0092 AFFIRMED.
89-0160 DISMISSED AS UNTIMELY.
ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.
JONES, J., dissents.
JONES, Justice (dissenting).
I respectfully dissent. See my dissent in Lloyd Wood Coal Co. v. Clark Equipment Co., 543 So.2d 671 (Ala.1989).
NOTES
[1] See Ex parte Andrews, 520 So.2d 507 (Ala. 1987), and Owens v. Coleman, 520 So.2d 514 (Ala.1987).
[2] In fact, problems can develop if a party files a notice of appeal within the time allowed for the filing of a post-trial motion and before another party has filed a post-judgment motion. See generally Owens v. Coleman, 520 So.2d 514 (Ala. 1987), and Ex parte Andrews, 520 So.2d 507 (Ala.1987).
[3] In Alabama Power Co. v. Alabama Public Service Commission, 390 So.2d 1017 (Ala. 1980), this Court held that an appeal by members of an industrial group, who had intervened in a Public Service Commission rate proceeding, was timely, even though the appeal was not filed within the 30 days provided by a statute for taking an appeal, but was filed within the 14-day period permitted for taking a cross-appeal by Rule 4(a)(2), Ala.R.App.P. In that case, the Court reasoned that once the appeal was perfected in this Court, the provisions of Rule 4(a)(2) controlled over what appeared to be a conflicting statutory provision.