Michael W. Bryant appeals from a summary judgment for the defendants, Southern Energy Homes, Inc., and Wendell Batchlor, president of Southern Energy, on Bryant's claims alleging fraud, promissory fraud, and breach of an implied warranty. We affirm.
Bryant purchased a new double-wide mobile home from Hart's Mobile Home Sales of Montgomery, Alabama ("Hart's"), which Hart's had purchased from the defendant manufacturer, Southern Energy. Bryant received a manufacturer's warranty pertaining to the mobile home. The mobile home was in compliance with all applicable federal building codes and regulations when it was sold to Hart's by Southern Energy. No agent, servant, or employee of Southern Energy was involved in the sales transaction between Hart's and Bryant or had any contact with Bryant before he purchased the mobile home. Bryant admitted, in response to requests for admissions, that Batchlor did not sell the mobile home to Bryant, did not extend oral or written warranties, and did not make any false written or oral representations to Bryant concerning the mobile home.
After Bryant moved into the mobile home, he discovered certain problems with it, including water leaks and other defects. He contacted Southern Energy and was assured that the company would do "everything possible to make [him] happy and satisfied." Thereafter, Southern Energy sent a representative and workers to repair the mobile home. Not all of the repairs were made. Bryant again contacted Southern Energy, which assured him that it would do "everything that would make [him] happy and satisfied about these problems." More repairs were made, but according to Bryant, Southern Energy repaired only a "fraction of the multiple problems which existed." The repairman promised to return and complete the repairs, and an executive officer of Southern Energy inspected the mobile home and advised Bryant "that something should and would be done to alleviate this problem."
Bryant filed this action before the repairs were completed.
The uncontroverted evidence is that no agent, servant, or employee of Southern Energy had any contact with Bryant before he purchased the mobile home and that Batchlor made no false representations to Bryant, either orally or in writing, concerning the mobile home. Therefore, there is no evidence that either defendant made a false representation to Bryant before Bryant purchased the mobile home; a false representation is an essential element of fraudulent misrepresentation under Alabama law. Voyager Guaranty Ins. Co. v. Brown, 631 So.2d 848
(Ala. 1993); Hall v. Gaines, 613 So.2d 370 (Ala. 1993). Bryant contends that count one of his complaint states a cause of action for implied misrepresentation, relying on the following dicta in Mathis v. Jim Skinner Ford, Inc., 361 So.2d 113, 115
(Ala. 1978):
 "Purchasers have a right to assume that new automobiles will perform in accordance with reasonable expectations and in accordance with implied representations inherent in marketing such products. Absent express [representations,] implied representations are not uncommon in the sale of new products, and reliance thereon may be shown by the totality of the circumstances and the underlying nature of the transaction itself. These concepts have long been recognized in actions based upon breach of an implied warranty and, under proper circumstances, may support a tort action for misrepresentation."
In discussing the "reasonable expectations" rule set forth inMathis v. Jim Skinner *Page 5 Ford, Justice Shores, writing for a division of this Court inJewell v. Seaboard Industrial, Inc., 667 So.2d 653, 659
(Ala. 1995) (a case remarkably similar to this case), wrote:
 "The 'reasonable expectations' rule of Mathis, however, does not impose on sellers of new vehicles a general duty in our tort law to sell vehicles that meet reasonable customer expectations. Hines v. Riverside Chevrolet-Olds, Inc., 655 So.2d 909 (Ala. 1994). The 'reasonable expectations' rule of Mathis imposes only a duty not to pass off a vehicle as 'new' when in fact it has been previously sold or has been so damaged or altered that a reasonable person would not consider it a 'new' product, 'in accordance with reasonable expectations.' Hines, supra, at 923. See Dodd v. Nelda Stephenson Chevrolet, Inc., 626 So.2d 1288
(Ala. 1993); Boulevard Chrysler-Plymouth, Inc. v. Richardson, 374 So.2d 857 (Ala. 1979).
 "After reviewing the evidence in favor of Jewell and resolving all doubts in his favor, we hold that he failed to present substantial evidence from which a factfinder could infer that the mobile home was not 'new' when he purchased it. Jewell produced no evidence that before he purchased it the mobile home had been damaged, altered, or repaired so as to render it not 'new.' Dodd, supra; Richardson, supra. . . . Jewell presented no evidence that the mobile home had been damaged or had undergone repairs before its sale. Jewell also failed to present any evidence that Southern Energy intended to deceive or otherwise to injure."
Likewise, Bryant presented no substantial evidence from which the factfinder could infer that the mobile home he purchased was not new when he purchased it or that it had been damaged, altered, or repaired so as to render it not new.
Bryant amended count one to assert promissory fraud as an alternative claim, based upon Southern Energy's promises to repair defects in his mobile home to his satisfaction. To recover on this cause of action, Bryant had to present substantial evidence from which the factfinder could infer that when Southern Energy made the promises, it had no intention of carrying out the promised act and had an intent to deceive.Pinyan v. Community Bank, 644 So.2d 919 (Ala. 1994); P SBusiness, Inc. v. South Central Bell Telephone Co.,466 So.2d 928 (Ala. 1985). "Although Southern Energy may not have provided the paradigm of good service," Jewell, 667 So.2d at 659, Bryant presented no substantial evidence that Southern Energy harbored an intent not to repair the mobile home or otherwise to injure or deceive Bryant. The mere fact that the promisor failed to perform the promised act is insufficient by itself to prove fraudulent intent for purposes of a promissory fraud claim.Sealing Equipment Products Co. v. Velarde, 644 So.2d 904
(Ala. 1994).
Count two of the complaint asserts a breach of the implied warranty of fitness for a particular purpose. Ala. Code 1975, § 7-2-315. Under Alabama law, the implied warranty of fitness for a particular purpose does not apply to Southern Energy, who was the manufacturer, not the seller, of the mobile home. Section 7-2-315 provides:
 "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under Section 7-2-316 an implied warranty that the goods shall be fit for such purpose."
This provides no cause of action against the manufacturer for direct economic loss, unless there is privity of contract between the manufacturer and the purchaser. Rhodes v. GeneralMotors Corp., 621 So.2d 945 (Ala. 1993); Wellcraft Marine v.Zarzour, 577 So.2d 414 (Ala. 1990). The undisputed evidence before the trial court when it entered the summary judgment indicated that Southern Energy was not in privity of contract with Bryant.
AFFIRMED.
HOOPER, C.J., and ALMON, INGRAM, and BUTTS, JJ., concur. *Page 6