Gross v. Shep Brown's Boat Basin          CV-99-140-B    02/28/00
                   UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE


**Robert and Sandra Gross**

         **v.**                          Civil No. 99-140-B
                                        Opinion No. 2000 DNH 049
**Shep Brown's Boat Basin, et al.**


                      <u>MEMORANDUM AND ORDER</u>


     Robert and Susan Gross purchased a boat manufactured by

Mariah Boats, Inc. from Shep Brown's Boat Basin.  After

determining that the boat was defective, they attempted to revoke

acceptance of the boat and sued Mariah and Shep Brown's for

breach of contract, revocation of acceptance, breach of warranty

under New Hampshire law, and breach of warranty under the

Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2311 (1994).  The

defendants have filed a motion for summary judgment.  For the

reasons that follow, I grant the motion in part and deny it in

part.



          I.  <u>Plaintiffs' Claims against Mariah</u>

## A.    Breach of Contract Claim

Mariah correctly argues that plaintiffs have failed to produce any evidence in response to the motion for summary judgment to support a finding that Mariah ever entered into a contract with the plaintiffs.  Cf. Wellcraft Marine v. Zarzour, 577 So. 2d 414, 419 (Ala. 1990) (boat manufacturer's express warranty does not create privity of contract between manufacturer and buyer).  Accordingly, Mariah is entitled to summary judgment with respect to plaintiffs' breach of contract claim.

## B.    Revocation of Acceptance

Mariah argues that plaintiffs' revocation of acceptance claim fails because it did not sell them the boat.  The New Hampshire Supreme Court has not determined whether a buyer may assert a revocation of acceptance claim against a manufacturer. The majority rule appears to be that such a claim ordinarily may be asserted only against a seller.  See James J. White and Robert S. Summers, Uniform Commercial Code § 8-4 (4th ed. 1995).  I decline to resolve this question at the present time.  I will consider whether to certify the question to the New Hampshire

-2-

Supreme Court, if necessary, after trial.  Accordingly, I deny Mariah's motion for summary judgment with respect to plaintiffs' revocation of acceptance claim.

## C.   **Breach of Warranty Claims**

Mariah asserts that plaintiffs' breach of warranty claims are defective because the evidence will not support a finding that Mariah breached the implied warranties of merchantability and fitness that exist by operation of New Hampshire law.[1]  I disagree.  Because the plaintiffs are consumers and Mariah supplied a written warranty, the Magnuson-Moss Warranty Act prevents Mariah from disclaiming any implied warranty.  See 15 U.S.C. § 2308(a) (1994) (supplier may not disclaim implied warranty to consumer if it provides a written warranty).  Construing the evidence in the light most favorable to the plaintiffs, they have produced sufficient evidence to support a finding that Mariah breached these implied warranties.  Accordingly, I deny Mariah's motion for summary judgment with respect to plaintiffs' state and federal breach of implied

---

[1]  Plaintiffs may maintain a breach of warranty claim against Mariah even though there is no privity of contract between them because lack of privity is not a defense to a breach of warranty claim under the circumstances presented in this case. See N.H. Rev. Stat. Ann. § 382-A:2-318 (1994).

warranty claims.[2]

## II.  Claims Against Shep Brown's

Plaintiffs' claims against Shep Brown's are based upon its alleged breaches of an express oral warranty and the implied warranties of merchantability and fitness.  Shep Brown's argues that plaintiffs' claims are defective because it effectively disclaimed all express or implied warranties when it sold them the boat.

I agree that Shep Brown's disclaimed any express oral warranties.  N.H. Rev. Stat. Ann. § 382-A:2-202 (1994) provides that when a writing is intended by the parties to be a final expression of their agreement, the writing may not be contradicted by evidence of inconsistent oral agreements.  The

---

[2]  Mariah also suggests that it is entitled to prevail because it repaired the boat after it was notified of the alleged defects.  Whether a manufacturer has a right to cure under the circumstances at issue here remains an open question that the parties have not adequately briefed.  See Asciolla v. Manter Oldsmobile-Pontiac, Inc., 117 N.H. 85, 90-91, 370 A.2d 270, 274 (1977) (leaving question unresolved).  Accordingly, I decline to consider Mariah's argument at the present time.

sales contract at issue here plainly was intended by the parties to be a complete and final expression of their agreement as it provides that "[t]he terms and conditions of this contract contains the entire understanding between you and me and that no other representation on inducement, verbal or written, has been made which is not included in this contract of sale."  Further, the sales contract states that

> the implied warranties of merchantability and fitness for a particular purpose and all other warranties express or implied are excluded by you from this transaction and shall not apply to the goods sold.

The oral warranty that plaintiffs claim  Shep Brown's made prior to the sale is inconsistent with this portion of the sales contract.  Accordingly, plaintiffs cannot maintain a breach of express warranty claim against Shep Brown's.  See Ace Inc. v. Maynard, 423 S.E.2d 504, 508 (NC App. 1992).

I am unpersuaded that Shep Brown's effectively disclaimed the implied warranties of merchantability and fitness.  New Hampshire law permits a seller of goods purchased primarily for personal, family, or household use to disclaim the implied

-6-

warranties of merchantability and fitness only by a conspicuous

writing signed by the buyer that informs the buyer in simple and

concise language that

      (a) The goods are being sold on an "as is" or
"with all faults" basis;
      (b) The entire risk as to quality and
performance of the goods is with the buyer;
<u>and</u>
      (c) If the goods prove defective after
purchase, the buyer, not the manufacturer,

> distributor, or retailer, shall assume the
> entire cost of all necessary servicing or
> repair.

N.H. Rev. Stat. Ann. § 382-A:2-316(4) (1994). It is undisputed here that the plaintiffs purchased the boat primarily for family use. Although the sales contract conspicuously states that the implied warranties of merchantability and fitness are disclaimed, it does not explicitly inform the plaintiffs that they are purchasing the boat on an "as is" or "with all faults" basis. It also fails to inform the plaintiffs explicitly that they bear the entire risk as to quality and performance of the boat. Accordingly, Shep Brown's did not effectively disclaim the implied warranties of merchantability and fitness.

Shep Brown's also argues that plaintiffs' claim based upon the Magnuson-Moss Warranty Act is defective. I agree. The Act applies only if a supplier has issued a written warranty. See Robin Towing Corp. v. Honeywell, Inc., 859 F.2d 1218, 1223 (5th Cir. 1988); McNamara v. Nomeco Building Specialties, Inc., 26 F. Supp. 2d. 1168, 1171-75 (D. Minn. 1998). Shep Brown's issued no such warranty in this case. Accordingly, plaintiffs cannot

maintain a Magnuson-Moss Warranty Act claim against Shep Brown's.

### III. <u>Conclusion</u>

I grant Mariah's motion for summary judgment insofar as it applies to Count I (Breach of Contract) and Shep Brown's motion for summary judgment insofar as it applies to Count IV (Magnuson-Moss Warranty Act). Counts II, III and IV of the amended complaint remain viable against Mariah. Counts I, II, and III remain viable against Shep Brown's.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 28, 2000

cc:  J. Mark Dickinson, Esq.
     Jeffrey Osborne, Esq.